■ ROBERT BROWN, Appellant, v CITY OF NEW YORK, Respondent. [723 NYS2d 703] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated May 7, 1998, which granted the defendant's motion pursuant to CPLR 4404 (a) to set aside the jury verdict and to dismiss the complaint. By decision and order dated October 4, 1999, this Court affirmed the order of the Supreme Court (*see, Brown v City of New York,* 265 AD2d 284). By decision and order dated November 16, 2000, the Court of Appeals reversed the order of this Court, and remitted the case to this Court for "consideration of additional issues not previously reached by [this] court" (*Brown v City of New York,* 95 NY2d 389, 392).

Ordered that the order is modified, on the law, by deleting

the provision thereof dismissing the complaint and substituting therefor a provision granting a new trial; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court set aside the jury verdict in this case on the ground that the plaintiff's notice of claim failed to identify both the location and the defect that. allegedly caused his fall, and also because the verdict was against the weight of the credible evidence. This Court affirmed the order on the former basis alone. The Court of Appeals reversed that order (see, Brown v City of New York, 95 NY2d 389), and remitted the case for review of the alternative ground for setting aside the verdict.

We agree with the Supreme Court that the verdict was against the weight of the evidence. The plaintiff's evidence concerning the location of the fall was contradictory, and there was strong evidence from which it could be inferred that the plaintiff did not fall on the subject sidewalk. Under all of the circumstances, the verdict in favor of the plaintiff was against the weight of the evidence, and a new trial is therefore required (see, Cohen v Hallmark Cards, 45 NY2d 493; Nicastro v Park, 113 AD2d 129). Bracken, P. J., Friedmann, Goldstein and McGinity, JJ., concur.