■ Carmen Garcia, Appellant, v Hope Ambulette Service Corp. et al., Respondents. [763 NYS2d 605] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered June 14, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff allegedly sustained personal injuries as a result of a fall from a wheelchair ramp used to transport plaintiff's wheelchair-bound mother from the street and onto an ambulette owned and operated by defendants. In particular, plaintiff alleges that the driver of the ambulette instructed her to enter the ambulette by climbing up the wheelchair ramp, which was steep and lacked safety handrails, and that she hit her head on the ambulette's low entrance as she attempted to board the vehicle, causing her to fall. In opposition, defendants deny that their employee instructed plaintiff to enter the ambulette by the wheelchair ramp.

It is well settled that a common carrier "is under a duty to provide a prospective passenger with a reasonably safe, direct entrance onto the vehicle, clear of any dangerous obstruction or defect which would impede that entrance" (Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106, 111 [1987], affd 72 NY2d 888 [1988]; see Bethel v New York City Tr. Auth., 92 NY2d 348 [1998]; Lewis v Metropolitan Transp. Auth., 99 AD2d 246 [1984], affd 64 NY2d 670 [1984]). This duty may be breached if the carrier did anything to "compel or even suggest" that the passenger take a defective or dangerous path of ingress or egress (Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d at 114).

Here, issues of fact exist as to (1) whether defendants' driver directed plaintiff to enter the ambulette by way of the wheelchair ramp, and, if so, whether such direction violated the carrier's duty of care by "suggesting" a path of ingress that required plaintiff to navigate a steep wheelchair ramp which lacked safety handrails; and (2) whether either or both of these violations were proximate causes of plaintiff's injuries. In light

of the foregoing, the motion court erred in granting defendants' motion for summary relief. Concur—Mazzarelli, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.