Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered on or about January 8, 2008, which granted defendant’s motion to set aside a jury verdict and ordered a new trial on the issue of liability, with plaintiffs proof to be confined to theories set forth in her notice of claim, unanimously reversed, on the law and the facts, without costs, the motion denied, the verdict reinstated, and the matter remanded for trial on the issue of damages.
Plaintiff slipped and fell in a pothole while attempting to board a bus on 149th Street in the Bronx on April 17, 2000. The notice of claim was served on or about July 14, 2000, within 90 days of the incident. In combination with plaintiffs testimony at the October 2000 hearing conducted by defendant Transit Authority (NYCTA) pursuant to General Municipal Law § 50-h, the notice of claim gave that agency sufficient notice of the nature of the claim and the manner in which it arose, as well as the fact that plaintiff might assert a claim for breach of NYCTA’s duty to provide a safe place to board the bus (see Jackson v New York City Tr. Auth., 30 AD3d 289, 291-292 [2006]). The evidence at trial indicated plaintiff was injured while on a direct path from the bus stop to the front door of the bus (see Garcia v Hope Ambulette Serv. Corp., 307 AD2d 860 [2003] ). To the extent there was any defect in plaintiffs notice of claim, NYCTA cannot claim to have been prejudiced thereby, as the record indicates it did not undertake any meaningful investigation into plaintiffs claims until July 2005, some 18 months after service of a supplemental bill of particulars, which NYCTA concedes gave express notice of the theory of liability advanced by plaintiff at trial (see Goodwin v New York City Hous. Auth., 42 AD3d 63, 68 [2007]).
We further note that the weight of the evidence adduced at trial did not run counter to the jury’s finding of liability against NYCTA (see McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206
[2004] ). Concur—Tom, J.E, Mazzarelli, Saxe, Nardelli and Buckley, JJ.