■ MARIA TIBURCIO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [704 NYS2d 473] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered January 26, 1999, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's notice of claim was defective since it did not provide defendant with notice of plaintiff's theory of liability, first advanced in plaintiff's deposition more than a year after the accident, that she slipped and fell on subway steps as a result of the absence of a metal tread (*see, Chipurnoi v Manhattan & Bronx Surface Tr. Operating Auth.*, 216 AD2d 171). Since plaintiff was attempting to amend her notice of claim by serving an amended bill of particulars that included this new theory (*see, Herron v City of New York*, 223 AD2d 676), and the one-year and 90-day limitation period had passed, the IAS Court properly granted defendant's motion to dismiss the complaint (*supra*). Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.

■ PAULA RODRIGUEZ et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants, et al., Defendant. [704 NYS2d 253] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 2, 1998, which, in an action for medical malpractice, insofar as appealed from, granted infant plaintiff's motion to deem her notice of claim timely filed, unanimously affirmed, without costs.

Defendants, who made a record of plaintiff's medical condition during her hospital stay from July 13 to September 3, 1991, have known all along the essential facts constituting plaintiff's claim, namely, that she was suffering from herpes encephalitis that was not treated with an anti-viral agent until July 31, 1991, and that she suffered severe brain damage between July 13 and July 31, 1991. Such knowledge, along with plaintiff's infancy, justified relief excusing the late service of a notice of claim (*see, Spaulding v New York City Health & Hosps. Corp.*, 210 AD2d 128; *Matter of Tomlinson v New York City Health & Hosps. Corp.*, 190 AD2d 806; *cf., Henry v City of New York*, 94 NY2d 275). Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.