[834 NYS2d 181]

CHARLIE GOODWIN, JR., et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent.

First Department, May 1, 2007

---

### APPEARANCES OF COUNSEL

*Pollack, Pollack, Isaac & DeCicco*, New York City (*Kenneth J. Gorman* and *Brian J. Isaac* of counsel), and *Rose A. Rossi*, White Plains, for appellants.

*Herzfeld & Rubin, P.C.*, New York City (*Neil R. Finkston, Herbert Rubin* and *David B. Hamm* of counsel), for respondent.

### OPINION OF THE COURT

CATTERSON, J.

This appeal in a slip-and-fall action where a city agency rejected the plaintiff's notice of claim for insufficient particularity, presents the Court with the opportunity to reexamine the circumstances upon which a notice of claim may be amended.

On October 14, 2002, Charlie Goodwin, Jr. (hereinafter referred to as the plaintiff) fell down the stairs at the St. Mary's Projects, a building owned by the New York City Housing Authority (hereinafter referred to as NYCHA) in the Bronx. The plaintiff claims that as a result of the fall he sustained severe personal injuries rendering him paraplegic. His wife, Williette Goodwin seeks damages for loss of consortium.

The plaintiff served NYCHA with a notice of claim on December 24, 2002—71 days after the accident occurred, and thus well within the statutory 90-day notice of claim period. (*See* General Municipal Law § 50-e.)* The notice of claim identified the time of the accident (October 14, 2002, between 7:00 and 7:30 P.M.) and the place where the accident occurred (St. Mary's Projects, 665 Westchester Ave., Bronx, NY 10455). As to the requirement of "the manner in which the claim arose," the plaintiff stated: "Claimant was walking down steps from 10th to 9th floor. He fell down steps, Exit B staircase, at landing of the 9th floor." As to injuries claimed, the notice indicated that the plaintiff "sustained severe spinal cord injury, resulting in

---

* Plaintiff Williette Goodwin was not named on the notice of claim as required by General Municipal Law § 50-e (2) (1); therefore we affirm the dismissal of her derivative claim.

paralysis; multiple bruises over body; laceration left hand; pain in arms and back."

Approximately three weeks later, one day after the 90-day notice of claim period expired, by letter dated January 15, 2003, NYCHA advised the plaintiff that it was rejecting the notice of claim because it "does not describe with sufficient particularity NYCHA's alleged negligence" and "NYCHA is severely prejudiced as it cannot conduct a proper investigation and otherwise assess the merits of the claim."

Although the letter was dated January 15, 2003, it was postmarked January 17, 2003 and received by plaintiff's counsel on January 21, 2003. Ten days later, on January 31, 2003, the plaintiff provided the particulars to NYCHA by filing another notice of claim form. In the section requiring description of "the manner in which claim arose," plaintiff now added the following: "Claimant tripped and/or slipped on broken/cracked/chipped stairs covered with debris, as claimant was walking down steps from the 10th to 9th floor. He fell down steps, Exit B staircase, at landing of the 9th floor. Claimant fell as a result of defendant's negligence in maintaining such stairway."

No further response was forthcoming from NYCHA following the filing of the corrected claim form. The record is also devoid of any indication that NYCHA held a General Municipal Law § 50-h hearing on the claim.

On October 9, 2003, the plaintiff commenced this action by filing a summons and complaint within the one-year-and-90-day statute of limitations period. NYCHA served its answer on October 28, 2003, also within the statute of limitations period. There was no reference in NYCHA's affirmative defenses to the plaintiff's purported improper and substantively deficient first claim form, or to the alleged untimely filing of the second claim form.

On October 15, 2004, NYCHA moved for summary judgment dismissing the complaint on the following grounds: that plaintiff's first notice of claim was defective in that it failed to provide adequate information for NYCHA to investigate; and that the plaintiff's correction, which NYCHA deemed to be a second notice of claim, was untimely since it arrived 17 days after the 90-day period had expired.

NYCHA followed up with the contention that the plaintiff was now barred from looking for leave from the court to serve a late notice of claim because the statute of limitations had

expired. NYCHA also pointed out that if the plaintiff had moved for leave to file a late notice of claim before the statute of limitations expired, leave would undoubtedly have been granted by the court.

The motion court agreed with NYCHA. We do not. For the following reasons this Court holds that the motion court erred in labeling the correction of January 31, 2003 a second notice of claim, and thus in dismissing the complaint. The facts here indicate that rather than filing a late second notice of claim, the plaintiff amended a timely notice of claim without prejudice to NYCHA. Thus, dismissal of the plaintiff's complaint is at odds with precedent established by this Court.

This Court has consistently held that the notice of claim statute, General Municipal Law § 50-e, is to be applied flexibly. The Court has reiterated that flexibility is key " 'so as to balance two countervailing interests: on the one hand, protecting municipal defendants from stale or frivolous claims, and on the other hand, ensuring that a meritorious case is not dismissed for a ministerial error.' " (*Rosenbaum v City of New York*, 24 AD3d 349, 354 [2005], *revd on other grounds* 8 NY3d 1 [2006].) This Court has further held that the statute was not meant to be used as "a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones." (*Lomax v New York City Health & Hosps. Corp.*, 262 AD2d 2, 4 [1st Dept 1999]; *see also Matter of Quiroz v City of New York*, 154 AD2d 315, 316 [1989].)

In *Lomax*, we also looked at the issue of amending notices of claim. Specifically, we considered the amendment provision in General Municipal Law § 50-e (6) which states, in relevant part, that provided there is no prejudice to the other party, *"[a]t any time after the service of a notice of claim* and at *any stage of an action* . . . a mistake, omission, irregularity or defect made in good faith in the notice of claim . . . may be corrected, supplied or. disregarded . . . in the discretion of the court." (Emphasis added; *Lomax*, 262 AD2d at 3.)

The facts of this case warranted an exercise of discretion by the motion court to allow a nunc pro tunc correction of a good faith error, which correction was made in such timely fashion that, as a matter of law, it could not have prejudiced the defendant. NYCHA's characterization of the plaintiff's corrected claim form as a second notice of claim is merely a disingenuous attempt to place the issue within subdivision (5) (application for leave to serve late notice) of General Municipal Law § 50-e

rather than subdivision (6) (mistake, omission, irregularity or defect, as to which amendment is permitted at any stage of the proceeding). By labeling the second claim form a late notice of claim, NYCHA further relies on well-settled law to support its contention that it had no obligation to assert untimeliness as an affirmative defense (*Reaves v City of New York*, 177 AD2d 437 [1st Dept 1991]), which assertion would have alerted plaintiff before the statute of limitations expired.

However, in order to prevail in its assertion that the plaintiff filed a late notice of claim without leave of the court, NYCHA must argue that the plaintiff's first notice of claim was substantively and fatally deficient. (*See Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410 [1st Dept 2004].) Indeed, on appeal, NYCHA, citing *Olivera v City of New York* (270 AD2d 5 [1st Dept 2000]) and *Tiburcio v New York City Tr. Auth.* (270 AD2d 110 [1st Dept 2000]), argues that plaintiff's second notice of claim cannot constitute an "amendment" of the original notice because it introduced theories of liability that were not set forth in the original notice and "[a]n amendment that would alter the substantive nature of the claim . . . does not fall within the statute's purview."

NYCHA's reliance on *Olivera* and *Tiburcio* is misplaced. In *Olivera*, this Court held that the plaintiff could not amend a property damage claim by adding a personal injury claim. In *Tiburcio*, we held that the plaintiff's notice of claim was defective since plaintiff did not provide defendant with a theory of liability until the plaintiff's deposition more than a year after the accident.

In the instant case, there was no change in the theory of liability, and no prejudice could have been caused to NYCHA from receiving notice of plaintiff's theory within so short a time after the statutory period ended. The first notice of claim made very clear that this was to be an action for personal injuries. Negligence was the only theory of liability implied by the plaintiff, and most certainly it was inferred by NYCHA, as evidenced by its reference to its "alleged negligence" in the defendant's rejection letter of January 15, 2003.

Chief Judge Cardozo held in a 1931 case involving a similar notice of claim statute in the city of Rochester that "what satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of the 'claim.' " (*Thomann v City of Rochester*, 256 NY 165, 172 [1931].) More recently, the Second Department has observed that,

"courts have not interpreted the statute to require that a claimant state a precise cause of action . . . . The Legislature did not intend that the claimant have the additional burden of pleading causes of action and legal theories . . . in the notice of claim, which must be filed within 90 days of the occurrence." (*DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [1992].)

It is well established that the purpose of the notice of claim is to give a municipal authority the opportunity to investigate. (*Teresta v City of New York*, 304 NY 440, 443 [1952].) The test of the notice's sufficiency is "whether it includes information sufficient to enable the city to investigate the claim." (*O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *see also Rosenbaum v City of New York*, 8 NY3d 1, 10 [2006] ["courts should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the (claim)"].)

Moreover, the Court of Appeals has held that in determining the sufficiency of a notice of claim in the context of a motion to dismiss, courts are not confined to the notice itself. (*D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994].) In determining whether the city was prejudiced by any mistake, omission, irregularity or defect in the notice, "the court may look to evidence adduced at a section 50-h hearing, and to such other evidence as is properly before the court." (*Id.*)

In this case, NYCHA had the information 17 days after the statutory 90-day period expired, and so NYCHA's claims of being prejudiced ring hollow.

In any event, this Court has held that prejudice will not be presumed. (*Williams v City of New York*, 229 AD2d 114, 117 [1997].) It may not be shown without evidence of an attempt to investigate the accident. In this case, the record is devoid of any evidence that NYCHA conducted or attempted to conduct any investigation, thus any claim of prejudice is no more than a conclusory assertion. (*See Miles v City of New York*, 173 AD2d 298, 299 [1991].) Moreover, as the plaintiff points out, given the transitory nature of the alleged cause of the accident, i.e., debris on the stairs, NYCHA could hardly have carried out a more meaningful investigation when it received the original notice than when it received the amended notice.

It is also worth noting that while cases involving dismissal for late notice of claim are abundant, the instant case appears novel

by reason of NYCHA's outright rejection of the notice of claim; the rejection letter did not ask the plaintiff to provide the missing information. By contrast, there are many examples in case law of a municipal authority, such as the transit authority, sending supplemental information forms asking for more information. Such conduct adheres more closely to the policy that municipal authorities have an obligation to obtain the missing information if that can be done with a *modicum of effort* rather than rejecting a notice of claim outright. (*Basile v City of New York*, 156 AD2d 239 [1989].) In this case, the plaintiff supplied the defendant with the missing information within 17 days. Thus, NYCHA did not even have to exert a modicum of effort. Indeed, NYCHA did not have to make any effort whatsoever.

Finally, the statute specifies that an amendment may be made "at any stage of the proceedings" and at the "discretion" of the court. (*See Lomax, supra* at 3.) There appears to be no requirement, certainly none established by this Court, that the correction or amendment can only be made contemporaneously with the exercise of the court's discretion, or that the exercise of discretion must precede the actual correction.

Accordingly, the order of the Supreme Court, Bronx County (Stanley Green, J.), entered March 4, 2005, which granted defendant's motion for summary judgment dismissing the complaint, should be modified, on the law, to the extent of denying defendant's motion for summary judgment as against plaintiff Charlie Goodwin, Jr. and reinstating said plaintiff's complaint, and otherwise affirmed, without costs.

SAXE, J.P., MARLOW, SULLIVAN and GONZALEZ, JJ., concur.

Order, Supreme Court, Bronx County, entered March 4, 2005, modified, on the law, to the extent of denying defendant's motion for summary judgment as against plaintiff Charlie Goodwin, Jr. and reinstating said plaintiff's complaint, and otherwise affirmed, without costs.