■ GERALD PHILLIPPS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [890 NYS2d 510]—

Plaintiff stated in the notice of claim that "[o]n or about the 17th day of January 2007," while a passenger on a bus owned and operated by defendants, which "was being operated on Fifth

Avenue at or near the bus stop at the[ ] Southwest corner of 33rd Street in Manhattan, said bus stopped then went forward and then abruptly came to a final stop[, causing plaintiff] to be propelled in said bus and to violently hit the floor thereby sustaining severe permanent personal injuries." As courts may look to the evidence adduced at a hearing pursuant to General Municipal Law § 50-h to determine the sufficiency of a notice of claim (see D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893 [1994]), we recount the relevant evidence from the hearing in this case. Plaintiff, who was 84 years old at the time of the accident, testified that he was on his way to visit a friend who lived on 33rd Street between Fifth and Sixth Avenues and had transferred at 49th Street and Fifth Avenue from a crosstown bus. He then "took a Fifth Avenue bus that went downtown" but did not know the number of the bus. The bus, however, "was one of those relatively modern buses that has a[n] . . . elevated backside." As the bus approached the stop at 33rd Street, plaintiff got up from his seat. After the bus stopped and the doors opened, when plaintiff was about a foot from the front door preparing to exit, it "jerked forward violently," and plaintiff fell on his back in the aisle. At the time of the fall, plaintiff had been holding only his cane. Plaintiff was helped up and off the bus by other passengers. Believing he had only a bruise, he walked to his friend's apartment, which was five minutes away. After 5 or 10 minutes, however, the pain was so bad he took a taxi to the hospital. He had broken five ribs and punctured a lung, and was admitted to the hospital.

In relevant part, the statute requires that a notice of claim set forth "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]). "Reasonably read, the statute does not require those things to be stated with literal nicety or exactness" (Brown v City of New York, 95 NY2d 389, 393 [2000] [internal quotation marks omitted]). Rather, "[t]he test of the sufficiency of a Notice of Claim is merely whether it includes information sufficient to enable the city to investigate" (id. [internal quotation marks omitted]); "[n]othing more may be required" (id. [internal quotation marks omitted]). Finally, as we recently stated, "municipal authorities have an obligation to obtain the missing information if that can be done with a modicum of effort rather than rejecting a notice of claim outright" (Goodwin v New York City Hous. Auth., 42 AD3d 63, 69 [2007]).

Under these circumstances, the notice of claim was not insufficient due to plaintiff's inability to state whether the bus was an M1, M2, M3 or M4 or to recall any identifying information

regarding the bus driver (*cf. Hudson v New York City Tr. Auth.*, 19 AD3d 648, 649 [2005] [notice of claim not insufficient where plaintiff provided the time and location of accident, the route number of the bus that collided with her vehicle, and the manner in which her claim arose but incorrect information regarding the bus number]). In contending that the notice of claim was insufficient, defendants argued that it would be overly burdensome for them to "search for bus operators for a 30 minute span on all four bus routes alleged in plaintiff's bill of particulars." Notably, however, this claim of prejudice was not supported by any factual information bearing on either the number of buses that would have stopped at 33rd Street and Fifth Avenue during this time period or the number of those buses that were of the type identified by plaintiff. Of course, "prejudice will not be presumed" (*Goodwin*, 42 AD3d at 68). Given the conclusory character of this claim of prejudice, and that defendants did not make the necessary showing of an attempt to investigate the accident (*id.*), defendants failed to meet their burden of demonstrating prejudice. We note, moreover, that defendants conceded that plaintiff acted in good faith. Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.