■ ROSE GREEN, Appellant, v CITY OF NEW YORK, Respondent. [965 NYS2d 58]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 19, 2012, which granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied.

In this trip and fall action, plaintiff's notice of claim listed the wrong street address (390 Central Park West rather than 360 Central Park West) in describing the location of her fall on a sidewalk, adjacent to Central Park, and across the street from that address. However, plaintiff also annexed a photograph to the notice of claim which depicted the intersection of Central Park West and 96th Street, which is nearly four blocks south of the incorrect address provided in the notice of claim, and the written description of the location in the notice was consistent with the area depicted in the photograph. Moreover, at the statutory hearing held six weeks after the notice was served, and three and a half months after the accident, plaintiff explicitly testified that her accident occurred on the sidewalk just a few car lengths south of the 96th Street intersection, and identified the location in the photograph as also shown. We also note that less than five months after the hearing, plaintiff served the summons and complaint, providing the proper street address. Under these circumstances, we find that the mistake in the notice was not made in bad faith, nor was it intended to mislead or confuse the City, and hence, it should have been disregarded or plaintiff should have been allowed to correct the notice pursuant to General Municipal Law § 50-e (6) (*see e.g. Portillo v New York City Tr. Auth.*, 84 AD3d 535, 536 [1st Dept 2011]; *Phillipps v New York City Tr. Auth.*, 68 AD3d 461, 462 [1st Dept 2009]).

We have repeatedly held that municipalities must put forth at least "a modicum of effort" to investigate a notice of claim and to obtain missing information (*Phillipps*, 68 AD3d at 462 [emphasis omitted], quoting *Goodwin v New York City Hous. Auth.*, 42 AD3d 63, 69 [1st Dept 2007]; *Cruz v New York City Hous. Auth.*, 261 AD2d 296, 297 [1st Dept 1999]). Yet, defendant never sent anyone to investigate the scene depicted in the photograph, and did not perform a computerized record search of the incorrect address until more than two years after being apprised of the correct location at the hearing. Although plaintiff served a bill of particulars six months before the computer search with the same typographical error in the address, defendant still made no effort to ascertain which of the two locations was correct. In any event, plaintiff's discovery responses, served less than one week after this computer search, provided additional photographs showing the sidewalk defect at issue, and a building awning with the street number "360" is clearly visible directly across the street in the background. Moreover, defendant engaged in settlement discussions just a few months later, during which the actual accident location was discussed, and did not file the instant motion alleging confusion

as to the accident location until nearly a year and a half later—one week after entering into a so-ordered stipulation to provide discovery for the proper location that was explicitly set forth in the order. Under these circumstances, we find that defendant has not demonstrated that it was prejudiced in this case (*see e.g. Goodwin*, 42 AD3d at 66; *Lord v New York City Hous. Auth.*, 184 AD2d 406, 407-408 [1st Dept 1992]). Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Richter, JJ.