■ BENJAMIN GONZALEZ, an Infant, by his Mother & Natural Guardian, GRACIE TOYER, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendants. [967 NYS2d 693]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered January 9, 2012, which, to the extent appealed from, granted defendant New York City Housing Authority's (NYCHA) motion to dismiss the complaint and all cross claims asserted against it, and denied plaintiffs' cross motion for leave to amend the notice of claim and to amend the complaint as against NYCHA, unanimously reversed, on the law and the facts, without costs, defendant's motion denied, and plaintiffs' cross motion granted. Order, same court and Justice, entered June 21, 2012, which granted NYCHA's motion to dismiss plaintiffs' amended complaint as against it, and granted NYCHA's motion to impose sanctions and costs against plaintiffs to the extent of awarding NYCHA $1,000, unanimously reversed, on the law, without costs, the motion denied, and the award of sanctions vacated.

In this personal injury action arising from the then 11-year-old plaintiff's fall through the scaffolding surrounding one of NYCHA's buildings at the Rangel Houses complex in Manhattan, plaintiffs' notice of claim listed the wrong street address as the site of the accident. However, at his statutory hearing, held five months after the accident, when shown photographs of the incorrect building and the correct adjacent building, the infant plaintiff identified the correct location of the accident. Further, it was undisputed that the infant plaintiff did not live at the Rangel Houses, but was only playing there with other children, that all of the buildings in the complex look similar, and that the scaffolding at issue was one structure that connected the two adjacent buildings, rather than two separate scaffolding structures. Under the circumstances, plaintiffs should have been allowed to correct the notice of claim pursuant to General Municipal Law § 50-e (6), as the mistake was not made in bad faith and NYCHA was not prejudiced by the inaccurate notice (see Portillo v New York City Tr. Auth., 84 AD3d 535, 535-536 [1st Dept 2011]; Phillipps v New York City Tr. Auth., 68 AD3d 461 [1st Dept 2009]).

NYCHA failed to meet its burden of demonstrating prejudice, as the record does not indicate that NYCHA sent someone to investigate the scene of the accident or examine the scaffold either before of after it had been apprised of the correct location

(*see Phillipps*, 68 AD3d at 463). Although, in support of NYCHA's motion, its investigator averred that his company was still trying to ascertain which construction company was responsible for erecting and maintaining the scaffolding that connected the two buildings, he did not explain why NYCHA could not access its own records to identify the proper company, or how the delay in obtaining the correct location contributed to any purported difficulty (*see Lord v New York City Hous. Auth.*, 184 AD2d 406, 407-408 [1st Dept 1992]).

Under the circumstances we find the award for sanctions unwarranted. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.