■ ANTHONY CIARAVINO, Appellant, v CITY OF NEW YORK, Respondent. [973 NYS2d 159]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered June 12, 2012, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion for leave to amend the notice of claim, unanimously reversed, on the law and the facts, without costs, defendant's motion denied, and plaintiff's cross motion granted.

Plaintiff's decedent was allegedly injured when she tripped and fell after stepping into a 20-foot-long depressed area in the street, which was about 25 to 30 feet from a subway exit in Union Square Park. Plaintiff's notice of claim mistakenly described the location of a subway exit as between 16th and 17th Streets on Union Square East, rather than Union Square West. However, at the statutory hearing held approximately eight months after the accident, plaintiff correctly stated that the accident occurred in the location shown in a photograph of a Union Square subway exit with no canopy, amid a farmer's market, by a 16th Street sign. Plaintiff also submitted information obtained from the Internet showing that the other two subway exits in Union Square Park are covered by canopies and are located well south of 16th Street.

Under these circumstances, plaintiff should have been allowed to correct the notice of claim pursuant to General Municipal Law § 50-e (6), since the mistake was not made in bad faith and defendant was not prejudiced by the defective notice (*see Gonzalez v New York City Hous. Auth.*, 107 AD3d 471 [1st Dept 2013]; *Green v City of New York*, 106 AD3d 453 [1st Dept 2013]). Defendant failed to meet its burden of showing prejudice, because the record does not indicate that it sent anyone to investigate the scene of the accident either before or after the

correct location had become apparent (*see Gonzalez* at 471-472; *Phillipps v New York City Tr. Auth.*, 68 AD3d 461, 463 [1st Dept 2009]). Furthermore, defendant's argument that even if the error were corrected, plaintiff failed to identify the location of the accident with sufficient specificity, is unavailing (*see e.g. Brown v City of New York*, 95 NY2d 389, 393 [2000]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Feinman and Clark, JJ.