■ MILAGRO TORRES et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. [1 NYS3d 816]—

Order, Supreme Court, Bronx County (Mitchell J. Danzinger, J.), entered on or about June 19, 2014, which, inter alia, denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The notice of claim at issue specified that plaintiff was injured when she tripped and fell "on the median" at the southwest corner of Lincoln Avenue and East 138th Street, due to a defect, hole, crack, or breaks "in the street." At her General Municipal Law § 50-h hearing, plaintiff testified that she tripped at the place where the sidewalk meets the street, and when shown photographs of the street corner, circled the intersection of the sidewalk curb and the roadway as the place where she fell. The location description in the notice of claim, when considered in conjunction with plaintiff's 50-h testimony, was sufficient to enable defendant to conduct a prompt investigation, and assess the merits of plaintiff's claim. Defendant failed to exclude the possibility that any notice defects, if they exist, "were remedied at the General Municipal Law § 50-h hearing" (*Cruz v New York City Hous. Auth.*, 269 AD2d 108, 109 [1st Dept 2000]), as plaintiff's hearing testimony enabled defendant "to identify precisely the site of the accident" (*Ortiz v New York City Hous. Auth.*, 214 AD2d 491, 492 [1st Dept 1995]).

Defendant also failed to show any prejudice resulting from the notice of claim's description, inasmuch as it made no effort to investigate the circumstances of plaintiff's accident (*see Miles v City of New York*, 173 AD2d 298, 299-300 [1st Dept 1991]). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.