(October 8, 2015)

■ CALVIN E. THOMAS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [17 NYS3d 130]—

Upon remittitur from the Court of Appeals for consideration of issues raised but not determined on appeal to this court (25 NY3d 1087 [2015]), order, Supreme Court, Bronx County (Norma Ruiz, J.), entered February 4, 2013, which granted defendant's motion to strike from the bill of particulars allegations concerning the handrail of the staircase where plaintiff allegedly fell, and denied plaintiff's cross motion for leave to amend the notice of claim, unanimously reversed, on the law, without costs, plaintiff's cross motion granted, and defendant's motion denied as moot.

On the prior appeal, we held that plaintiff's claim that defendant failed to maintain the handrail along the stairway at or near the second floor could be fairly inferred from the notice of claim, which alleged that defendant was negligent in maintaining the second floor landing area (*see* 120 AD3d 401, 402 [2014], *revd* 25 NY3d 1087 [2015]; *Jackson v New York City Tr. Auth.*, 30 AD3d 289, 291 [1st Dept 2006]). The Court of Appeals disagreed, holding that the allegations in the notice of claim were insufficient to put defendant on notice of allegations in the bill of particulars concerning the handrail, and it remitted the case to us for consideration of issues raised but not determined on the prior appeal (25 NY3d at 1088).

The motion court should have granted plaintiff's cross motion to amend the notice of claim. Although plaintiff did not specifically invoke General Municipal Law § 50-e (5) in the cross motion, the motion court should have exercised its discretion under CPLR 2001 to treat the motion as having been made under General Municipal Law § 50-e (5) (*see Perez v Jordan*, 37 AD3d 200, 203 [1st Dept 2007]; *see also Blainey v Metro N. Commuter R.R.*, 99 AD3d 588, 590 n 2[1st Dept 2012] ["the denial of relief sought pursuant to the wrong statute in the

trial court may be reviewed on appeal under the standards of the appropriate statute where the record affords a basis for so doing"], *lv denied* 21 NY3d 859 [2013]). Under General Municipal Law § 50-e (5), a notice of claim may be amended within one year and 90 days of an accident to include new theories of liability (*see Pierson v City of New York*, 56 NY2d 950, 954 [1982]). Plaintiff's cross motion was made 11 months after the accident, well within the one-year-and-90-day limitation period.

In determining whether an application for leave to serve a late notice of claim should be granted, a court shall consider "whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one . . . or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). The court shall also consider "all other relevant facts and circumstances," including whether the delay "substantially prejudiced the public corporation in maintaining its defense on the merits" (*id.*).

"In determining whether the city was prejudiced by any mistake, omission, irregularity or defect in the notice [of claim], 'the court may look to evidence adduced at a section 50-h hearing, and to such other evidence as is properly before the court' " (*Goodwin v New York City Hous. Auth.*, 42 AD3d 63, 68 [1st Dept 2007], quoting *D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]).

The 50-h hearing in this case took place on November 10, 2011, within 90 days of the August 14, 2011 accident. At the hearing, plaintiff testified that he slipped on a puddle of urine and feces on the rubbish-strewn landing. He described how, immediately preceding the fall, he was descending the stairs while sliding his hand down the railing. He testified that he let go of the railing because of a lock at the bottom of the handrail. He also identified photographs of the stairwell, including the handrail with the lock. Thus, defendant was aware by the time of the hearing that plaintiff was claiming that he released his grip on the railing because of the lock.

There is no evidence that an investigation was hampered in any way by the alleged deficiencies in the notice of claim (*compare Nieves v City of New York*, 262 AD2d 32 [1st Dept 1999] [original notice incorrectly designated location of the infant plaintiff's school and caused defendants to conduct an investigation at the wrong site]). Indeed, it is not apparent from the record whether defendant conducted an investigation of the stairwell and landing in the aftermath of the accident.

We have previously held that prejudice will not be presumed

(*see Williams v City of New York*, 229 AD2d 114, 117 [1st Dept 1997]). Moreover, "[i]t may not be shown without evidence of an attempt to investigate the accident" (*Goodwin v New York City Hous. Auth.*, 42 AD3d at 68). Given defendant's actual knowledge of the facts constituting the claim within a reasonable time after the accident, and the lack of evidence of an attempt to conduct an investigation either before or after it obtained knowledge of the issue concerning the handrail in this accident (*see Ciaravino v City of New York*, 110 AD3d 511, 511-512 [1st Dept 2013]), "conclusory assertions of prejudice, based solely on the delay in serving the notice of claim, are insufficient" (*Matter of Lopez v City of New York*, 103 AD3d 567, 568 [1st Dept 2013]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny and Manzanet-Daniels, JJ.