■ CAROL HOLLMAN, Appellant, v 480 ASSOCIATES INC., Defendant, and CITY OF NEW YORK, Respondent. [31 NYS3d 471]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered February 25, 2015, which granted defendant City's motion to dismiss the complaint and cross claims against it, unanimously reversed, on the law, without costs, and the City's motion denied.

Plaintiff's amended notice of claim satisfied the statutory notice of claim requirement by providing the City "information sufficient to enable [it] to investigate" her claim, within 90 days after the claim arose (*Brown v City of New York*, 95 NY2d 389, 393 [2000] [internal quotation marks omitted]; General Municipal Law § 50-e [1] [a]; [2]). Although plaintiff initially identified the wrong cross street, within 90 days of the accident she served an amended notice of claim, with photographs of the correct location, and the City was not prejudiced by the initial mistake since it never investigated the wrong location (*Torres v City of New York*, 125 AD3d 573, 574 [1st Dept 2015]; *see Goodwin v New York City Hous. Auth.*, 42 AD3d 63, 66 [1st Dept 2007]). Further, at her General Municipal Law § 50-h hearing, plaintiff circled on a photograph the specific area of her fall, and testified that she fell in the roadway, before she reached the sidewalk or curb, because she tripped on metal sticking out of the street. Taken together, the amended notice of claim, photographs, and 50-h testimony provided the City with sufficient information to investigate plaintiff's claim (*see Brown v City*, 95 NY2d at 393; *Torres*, 125 AD3d at 574). That the claimed defect may have been repaired in the one-month period after the accident and before plaintiff returned to photograph the site does not render her amended notice of claim ineffective. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.