■ CAROL MENDOZA-JIMENEZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [34 NYS3d 893]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about April 27, 2015, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

In her notice of claim, plaintiff attributed her injury to an improperly operated or defective lift mechanism on a bus she had boarded. Her deposition testimony, however, makes it unequivocally clear that the lift mechanism of the bus was never engaged and played no role in her injury, but that her injury was caused when "the bus driver took off," causing the bus to "jerk[ ]" abruptly. Although plaintiff could have moved, pursuant to General Municipal Law § 50-e (5), to amend the theory of liability contained in her notice of claim, the one-year-and-90-day time period in which to do so has expired (*see Pierson v City of New York*, 56 NY2d 950, 954 [1982]; *Thomas v New York City Hous. Auth.*, 132 AD3d 432, 433 [1st Dept 2015]; *Barksdale v New York City Tr. Auth.*, 294 AD2d 210, 211 [1st Dept 2002]). While General Municipal Law § 50-e (6) permits amendment of the notice of claim at any time, plaintiff never sought such relief, and, in any event, "this provision merely authorizes the correction of good faith, nonprejudicial, technical defects or omissions, not substantive changes in the theory of liability" (*Scott v City of New York*, 40 AD3d 408, 410 [1st Dept 2007]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.