OPINION OF THE COURT
Lucy Billings, J.
I. Introduction
Petitioner seeks permission to serve an amended notice of claim against respondents, adding the location of his trip and fall on a city roadway in New York County July 7, 2015, otherwise described in his original notice of claim timely served July 27, 2015. (General Municipal Law § 50-e [6].) The 90 days from accrual of a claim to serve a notice of claim, which must specify the location of the claimed injury, expired October 5, 2015. (Id. § 50-e [1] [a]; [2].) Not until that date, before which petitioner might have timely cured any omission of the injury location, did the Comptroller of the City of New York mail a notice to petitioner’s attorney that the Comptroller was disallowing petitioner’s claim due to an omission in his notice of claim. Upon receipt of that notice, even though it did not specify precisely what the notice of claim had omitted, petitioner’s attorney immediately realized the inadvertent omission of the location and requested an opportunity to supply that information, but the Comptroller ignored his request. Petitioner then served his amended notice of claim October 9, 2015, four days after the 90 days expired October 5, 2015.
II. Correction of an Omission in a Timely Served Notice of Claim
General Municipal Law § 50-e (6) provides that
“[a]t any time after the service of a notice of claim . . . , a mistake, omission, irregularity or defect made in good faith in the notice of claim . . . may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby.”
Petitioner attributes his fall to the perimeter and cover of a manhole that was raised above the surrounding crosswalk across 47th Street on the west side of 6th Avenue. The surrounding crosswalk had been milled down a few inches from the perimeter of the manhole to a gravel surface in preparation *892 for repaving, without any barrier, cones, or other warning to pedestrians or vehicles. Less than three weeks after his fall July 7, 2015, before he served his original notice of claim July 27, 2015, his attorney’s investigation found the repaving completed, raising the surrounding roadway surface to the level of the manhole perimeter and cover: the hazardous condition of which petitioner complains already had been repaired. Thus, even had he included the location of his fall in his original notice of claim, and respondents immediately investigated the site, they would not have been able to assess the claimed hazardous condition.
At no time, upon receipt of the notice of claim, before disallowing it, upon receipt of petitioner’s request to supply the missing information, or afterward, did the City ever attempt to ascertain the omitted location of petitioner’s claimed injury. (See Ciaravino v City of New York, 110 AD3d 511, 511-512 [1st Dept 2013]; Green v City of New York, 106 AD3d 453, 454 [1st Dept 2013].) Yet “municipal authorities have an obligation to obtain the missing information if that can be done with a modicum of effort rather than rejecting a notice of claim outright,” here with a simple communication to petitioner’s attorney through the contact information on petitioner’s notice of claim. (Goodwin v New York City Hous. Auth., 42 AD3d 63, 69 [1st Dept 2007]; see Green v City of New York, 106 AD3d at 454.)
Even after petitioner supplied the location, only four days after the 90 days expired, the City nowhere shows that it investigated the site, in an attempt to assess the claimed hazardous condition. (See Ciaravino v City of New York, 110 AD3d at 511-512; Green v City of New York, 106 AD3d at 454.) The absence of such a showing precludes respondents from establishing that they were prejudiced by any delay in learning the injury location, as is required to defeat the petition to supply that omitted information under General Municipal Law § 50-e (6). (Hollman v 480 Assoc. Inc., 138 AD3d 637, 638 [1st Dept 2016]; Weiss v City of New York, 136 AD3d 575, 575 [1st Dept 2016]; Thomas v New York City Hous. Auth., 132 AD3d 432, 433-434 [1st Dept 2015]; see Bass v New York City Tr. Auth., 140 AD3d 449, 449 [1st Dept 2016]; Cron v City of New York, 121 AD3d 601, 601 [1st Dept 2014].)
Respondents contend that an omission of or mistake in the injury location is too fundamental to fall within General Municipal Law § 50-e (6)’s purview, citing Torres v New York City *893 Hous. Auth. (261 AD2d 273 [1st Dept 1999]). Neither this authority nor General Municipal Law § 50-e (6), however, so limits the statute’s scope. A mistake in the injury location is not prejudicial in itself, but may contribute to prejudice that defeats a corrected notice of claim where the mistake is one of multiple mistakes or inconsistencies, there is an extended delay between the mistaken notice of claim and the corrected notice of claim, and the corrected notice of claim changes the cause of the injury. (Torres v New York City Hous. Auth., 261 AD2d at 274-275.) By alleging that petitioner was “caused to fall as a result of a raised, depressed, cracked, uneven, broken and defective misleveled pavement/manhole cover,” his notice of claim presents both the cause of his injury and his theory of liability. (Verified petition, exhibit B at 1.)
III. An Extension of Time to Serve a Notice of Claim
Respondents further contend that General Municipal Law § 50-e (5), not section 50-e (6), applies to petitioner’s correction four days after the 90 days expired. Section 50-e (5) provides for an extension of the 90 days to serve the original notice of claim, not to correct a timely served notice of claim, which under section 50-e (6) may be accomplished at “any time.” (General Municipal Law § 50-e [6].) The statute allows more flexibility for correction, because a notice of claim that lacks the requisite information still alerts the City to the claim and provides the City an opportunity to seek the omitted information, but the absence of a notice of claim altogether provides no such alert or opportunity, placing the City at a significantly greater disadvantage.
Nevertheless, even if petitioner’s amended notice of claim is considered the original one, petitioner meets the requirements for an extension of time for service under General Municipal Law § 50-e (5). This subdivision sets forth two principal factors to consider in determining whether to grant an extension: (1) whether the City acquired actual knowledge of the essential facts constituting the claim within the 90 days for service of a notice of claim “or within a reasonable time thereafter” and (2) whether the delay substantially prejudiced the City in maintaining its defense. (General Municipal Law § 50-e [5] [emphasis added].) Four days after the 90 days expired surely is “within a reasonable time.” (Id.) Second, as explained above, the City has not been prejudiced by petitioner supplying the location of his fall four days after the 90 days expired, because even had he included the location in his original notice of claim, *894 and respondents immediately investigated the site, they would not have been able to assess the claimed hazardous condition. Respondents’ failure to show that the City investigated in an attempt to assess the claimed hazardous condition even after petitioner supplied the location further precludes any showing of potential prejudice. (Thomas v New York City Hous. Auth., 132 AD3d at 433-434; Ciaravino v City of New York, 110 AD3d at 511-512; Green v City of New York, 106 AD3d at 454; see Hollman v 480 Assoc. Inc., 138 AD3d at 638; Weiss v City of New York, 136 AD3d at 575.)
Although General Municipal Law § 50-e (5) does not specifically require consideration of petitioner’s excuse for his delay, assuming his excuse is among the “other relevant facts” to consider, the forthright explanation by petitioner’s attorney of simple inadvertence, immediately cured when it came to his attention, is a reasonable, honest excuse. (See CPLR 2004, 2005; Rosenblatt v New York City Tr. Auth., 122 AD3d 410, 411 [1st Dept 2014]; Metropolitan Prop. & Cas. Ins. Co. v Braun, 120 AD3d 1128, 1128 [1st Dept 2014]; Matter of Daval-Ogden, LLC v Highbridge House Ogden, LLC, 103 AD3d 422, 422 [1st Dept 2013]; N450JE LLC v Priority 1 Aviation, Inc., 102 AD3d 631, 633 [1st Dept 2013].) Even if it were not, the lack of a reasonable excuse is not dispositive. The absence of a reasonable excuse defeats an extension of time to serve a notice of claim only when accompanied by an unreasonable delay, without notice of the facts constituting the claim, and prejudice (Matter of Virella v City of New York, 137 AD3d 705, 705-706 [1st Dept 2016]; Matter of Todd v New York City Health & Hosps. Corp. Off. of Legal Affairs, Claims Div., 129 AD3d 433, 433 [1st Dept 2015]; Colarossi v City of New York, 118 AD3d 612, 612-613 [1st Dept 2014]; McClatchie v City of New York, 105 AD3d 467, 468 [1st Dept 2013]), and unaccompanied by a showing of merit to the claim (Abad v New York City Health & Hosps. Corp., 114 AD3d 564, 565 [1st Dept 2014]), and when the excuse offered lacks veracity. (Matter of Gonzalez v City of New York, 127 AD3d 632, 633-634 [1st Dept 2015]; Brown v New York City Health & Hosps. Corp. [N. Cent. Bronx Hosp.], 116 AD3d 514, 514 [1st Dept 2014].) None of these other factors is demonstrated here.
Respondents simply conclude that the failure to serve a complete and accurate notice of claim within 90 days of an injury is not reasonably excusable. If that premise were the applicable law, it would never permit an extension of time.
*895 IV. Conclusion
Whether the court applies General Municipal Law § 50-e (6) or (5), every consideration under either standard, with the possible exception of the inadvertence by petitioner’s attorney, dictates that service of petitioner’s amended notice of claim October 9, 2015, be permitted, whether treated as a correction of his notice of claim served July 27, 2015, or a new notice of claim served October 9, 2015. To deny permission would bar a facially meritorious claim due to his attorney’s entirely unintentional oversight, causing a de minimis, non-prejudicial delay of four days, expeditiously rectified. Neither section 50-e (5) nor section 50-e (6) intends such a result, under any circumstances. Therefore the court grants the petition to serve an amended notice of claim and considers petitioner’s amended notice of claim served October 9, 2015, timely. (General Municipal Law § 50-e [6].)