| Jackson v New York City Tr. Auth. |
|:---:|
| 2025 NY Slip Op 32321(U) |
| July 1, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150210/2022 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. RICHARD TSAI**                     PART                    21

*Justice*

-------------------------------------------------------------------------------X

JIM HENDRIX JACKSON,

                     Plaintiff,

           - v -

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY, and
JOHN DOE,

                  Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150210/2022 |
| MOTION DATE | 6/30/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 1, 23, 27-37, 39-52

were read on this motion to/for        DISMISS        .

In this action, plaintiff alleges that, on December 24, 2020, he was struck by a train within a subway station along the northbound line of the 6 train.  Defendants now move to dismiss the complaint on the ground that, among other things, the notice of claim fails to state where or how the accident occurred.  Plaintiff opposes the motion.

On June 30, 2025, oral argument was held on stenographic record (Angela Brigante, court reporter).

## BACKGROUND

In March 2021, defendant New York City Transit Authority (NYCTA) received a notice of claim from plaintiff's counsel (*see* Exhibit A in support of motion [NYSCEF Doc. No. 30]).  The notice of claim states, in relevant part:

> "The accident arose on December 24, 2020, at approximately 8:30 p.m., in the County of New York, City and State of New York, '6' Line Bronx-bound train station, Manhattan, New York. Claimant, JIM HENDRIX JACKSON, was lawfully in the '6' Line Bronx-bound train station, when he was caused to fall on the tracks and he was struck by a train. Said occurrence and the injuries sustained by claimant were due to the negligence, carelessness and recklessness of NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and 'JOHN DOE', first and last name unknown . . ." (*id.*).

By a letter dated May 4, 2021, the NYCTA rejected the notice of claim, stating, "The exact location (6 line Bronx-bound train station) was omitted" (*see* Exhibit B in support of motion [NYSCEF Doc. No. 31]).

150210/2022   HENDRIX JACKSON, JIM vs. NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 1 of 6
Motion No.  002

[* 1]                                                          1 of 6

On January 7, 2022, plaintiff commenced this action (*see* NYSCEF Doc. No. 1). On November 30, 2023, issue was joined (*see* NYSCEF Doc. No. 23). As an affirmative defense, defendants asserted that "Plaintiff has not properly plead the requirements of Public Authorities Law § 1212 (*see id*. ¶ 9).

## DISCUSSION

Defendants move to dismiss the action on the ground that the notice of claim was inadequate. They contend that the notice of claim was vague as to the place where the claim arose, and that it lacks sufficient information as to how the claim arose (defendants' mem. at 5-8). Additionally, defendants argue that the action should be dismissed as against defendant Metropolitan Transportation Authority (MTA), whose functions do not include the operation, maintenance, or control of any facility (*id.* at 14). Lastly, defendants argue that the action is premature, because plaintiff has not yet appeared for a statutory hearing pursuant to Public Authorities Law §1212 (5) and 1276 (4).

In opposition, plaintiff argues that the motion is premature because there has been no significant discovery (affirmation of plaintiff's counsel in opposition ¶ 20 [NYSCEF Doc. No. 46]). According to plaintiff's counsel, there has been no response to FOIL requests for documents that plaintiff submitted in April 2021 (*id.* ¶ 21). Plaintiff argues that, because he has no memory of the accident, his burden is lowered under the *Noseworthy* doctrine (*id.* ¶¶ 26-32).

A. <u>Whether the action is premature because plaintiff failed to appear for a statutory hearing</u>

The Appellate Division, First Department has held that the failure to appear for a statutory hearing pursuant to Public Authorities Law § 1212 (5) is not a condition precedent to suit against the NYCTA and the MTA (*see Cespedes v City of New York*, 301 AD2d 404, 404 [1st Dept 2003] ["there is no prohibition in the Public Authorities Law to the commencement of an action until compliance with a demand for an examination"]; *see also Williams v New York City Tr. Auth.*, 2003 NY Slip Op 51142[U] [App Term, 1st Dept 2003]). This rationale similarly applies to the statutory hearing pursuant to Public Authorities Law § 1276 (4)

Thus, the Appellate Division, First Department has split from the Appellate Division, Second Department, which holds that the statutory hearing is a condition precent to suit (*see Vartanian v City of New York*, 48 AD3d 673, 674 [2d Dept 2008]). Because this court must follow the decisions of its own appellate court, defendants' motion to dismiss the action as premature because plaintiff has appeared for a statutory hearing is denied.

B. <u>Whether the action should be dismissed as against the MTA</u>

The branch of plaintiff's motion to dismiss the complaint as against the MTA is

150210/2022   HENDRIX JACKSON, JIM vs. NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 2 of 6
Motion No.  002

2 of 6

granted. "It is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (*see Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [1st Dept 2007]). The MTA cannot be held liable for the conduct of the employees of the NYCTA (*Soto v New York City Tr. Auth.*, 19 AD3d 579, 581 [2d Dept 2005], *affd* 6 NY3d 487 [2006]).

Plaintiff did not address this argument in the opposition papers, and plaintiff's counsel conceded at oral argument that the action should be dismissed as against the MTA.

### C. Whether the motion to dismiss is premature

Contrary to plaintiff's argument, defendants' motion to dismiss is not premature. The principal argument in favor of dismissal is that the notice of claim fails to contain specific details about where and how the incident occurred, which can be determined from a review of the notice of claim itself. No further discovery would be needed to determine the adequacy of the notice of claim.

Additionally, plaintiff conceded at oral argument that plaintiff served no discovery requests upon defendants after the commencement of the action. Since May 2021, when the NYCTA had rejected the notice of claim, plaintiff was well aware that the lack of a specific subway station in the notice of claim was an issue. And yet, plaintiff served no discovery requests after the action was commenced. At oral argument, plaintiff's counsel was unable to state whether he had followed up on the FOIL requests. The argument that discovery is now needed to uncover additional facts to defeat the motion rings hollow when plaintiff has not served any discovery requests.

### D. Whether the notice of claim was sufficient

As a threshold issue, the court rejects plaintiff's argument that the statutory requirements of the notice of claim are relaxed by virtue of the *Noseworthy* doctrine (*see Noseworthy v New York*, 298 NY 76 [1948]). The Appellate Division, Second Department held that the *Noseworthy* doctrine did not excuse the plaintiffs from complying with the requirements of specifying the theory or theories on which the plaintiffs sought to hold the County liable in their notice of claim (*see Williams v County of Westchester*, 103 AD3d 796, 797 [2d Dept 2013]). As the plaintiffs in *Williams* were not excused from specifying the theories of liability, plaintiff should similarly not be excused from specifying the location of the incident.

Turning to the merits,

> "General Municipal Law § 50–e (2) requires written notice, 'sworn to by or on behalf of the claimant,' which sets forth 'the name and post-office address of each claimant, and of his attorney, if any,' 'the nature of the claim,' 'the time when, the place where and the manner in which the claim

[* 3]

arose' and 'the items of damage or injuries claimed to have been sustained so far as then practicable.' As we have explained,

> '[t]he test of the sufficiency of a Notice of Claim is merely whether it includes information sufficient to enable the city to investigate .... Thus, in determining compliance with the requirements of General Municipal Law § 50–e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the [claim]' (*Brown v. City of New York*, 95 N.Y.2d 389, 393, 718 N.Y.S.2d 4, 740 N.E.2d 1078 [2000] [internal quotation marks and citations omitted]).

> Put another way, the 'plain purpose' of statutes requiring pre-litigation notice to municipalities 'is to guard them against imposition by requiring notice of the circumstances ... upon which a claim for damages is made, so that its authorities may be in a position to investigate the facts as to time and place, and decide whether the case is one for settlement or litigation' [citation omitted]" (*Rosenbaum v City of New York*, 8 NY3d 1, 10-11 [2006]).

"'Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case'" (*Vallejo-Bayas v New York City Tr. Auth.*, 103 AD3d 881, 882 [2d Dept 2013] [citation omitted]).

> "In considering the sufficiency of a notice of claim in the context of a motion to dismiss, a court is not confined to the notice of claim itself, but may also look to evidence adduced at a § 50–h hearing, and to such other evidence that is properly before the court" (*Portillo v New York City Tr. Auth.*, 84 AD3d 535, 536 [1st Dept 2011], citing *D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891 [1994]).

Contrary to defendants' argument, the notice of claim is adequately specific as to the manner in which the claim arose. The notice of claim states that plaintiff was struck by a train due to the negligence of the NYCTA, among other things, "in operating said train at a fast and excessive rate of speed" and "in failing to see what is there to be seen" (*see* Exhibit A in support of defendants' motion ¶ 3). The court rejects defendants' contention that the notice of claim must allege how the plaintiff came to be on the subway tracks.

Defendants' argument that the notice of claim did not adequately specify the location of the incident requires a more extended analysis.

As defendants point out, there are 20 stations along the 6 line in Manhattan (*see* Exhibit E in support of motion [NYSCEF Doc. No. 34]). Defendants also point out that

150210/2022   HENDRIX JACKSON, JIM vs. NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 4 of 6
Motion No.  002

4 of 6

the hospital where plaintiff was treated was in Kings County, where the 6 train does not run. According to the bill of particulars, plaintiff was treated at Kings County Hospital in Brooklyn (*see* Exhibit F in support of motion, bill of particulars ¶ 17 [NYSCEF Doc. No. 35]; *see also* Exhibit D in opposition to motion [NYSCEF Doc. 50]).

Defendants analogize the failure to specify a particular subway station to cases involving notices of claim that failed to specify the location with sufficient particularity (*see Caselli v City of New York*, 105 AD2d 251, 253 [2d Dept 1984] ["the public roadway at the intersection of Queens Boulevard and Woodhaven Boulevard", a major intersection, was too vague to enable the city to locate the alleged defect]; *Wai Man Hui v Town of Oyster Bay*, 267 AD2d 233, 234 [2d Dept 1999] [a "dip, hole, excavation, elevation, obstruction, depression in the road at the intersection of Bethpage Sweet Hollow Road and Round Swamp Road" was not sufficient]).

Plaintiff argues that, due to the severity of a train strike, defendants should be in possession of additional documents and information concerning this incident (affirmation of plaintiff's counsel in opposition ¶ 35). This argument assumes that the train strike would likely have been reported to the NYCTA, given that emergency medical services purportedly transported plaintiff to the hospital in Brooklyn. At oral argument, plaintiff's counsel asserted that, because train collisions with people are uncommon, defendants could have easily looked up whether any train collisions occurred on the 6 line on December 24, 2020, at around 8:30 p.m.

The court agrees with plaintiff's counsel that, in the case of a *reported* train strike, the date and time of the incident, and the information that the incident occurred along the northbound 6 line at a Manhattan subway station, would have provided defendants with sufficient information so as to investigate whether a reported train strike occurred along one of the 20 stations in Manhattan on the northbound 6 line. If such an investigation revealed one reported train strike, then the notice of claim might be sufficient to unearth the specific subway station where the incident allegedly occurred. This conclusion is premised upon the existence of records that would have been generated in the event of a reported train strike that could be cross-referenced with information in the notice of claim to identify the specific subway station.

However, the date and time of the incident, and the information that the incident occurred along the northbound 6 line, would not provide defendants with sufficient information so as to investigate whether an *unreported* train strike occurred along the northbound 6 line in Manhattan. In that scenario, because the train strike was not reported to the NYCTA, it would not have generated any records about the incident that could be cross-referenced with information in the notice of claim to identify the specific subway station. Neither would such information be sufficient to provide defendants with sufficient information so as to investigate whether a train strike (reported or unreported) had occurred on December 24, 2020 at 8:30 p.m. on another train line altogether.

"'[M]unicipal authorities have an obligation to obtain the missing information if that can be done with a modicum of effort rather than rejecting a notice of claim outright'" (*Phillipps v New York City Tr. Auth.*, 68 AD3d 461, 462 [1st Dept 2009], quoting *Goodwin v New York City Hous. Auth.*, 42 AD3d 63, 69 [1st Dept 2007]).

Here, because the record does not establish that defendants made "a modicum of effort" to investigate whether any train strike incidents were reported on the northbound 6 line in Manhattan on December 24, 2020 at 8:30 p.m., the branch of defendants' motion to dismiss the complaint as against the NYCTA on the ground that the notice of failed to specify the location of the incident is denied.

However, denial is without prejudice to raising the adequacy of the notice of claim on a motion for summary judgment, upon proof that an investigation into any reported train strike incidents on December 24, 2020 at 8:30 p.m. on the northbound 6 line in Manhattan yielded either no results or more than one result, and after plaintiff has had the opportunity to depose the person who conducted the search.

## CONCLUSION AND ORDER

Accordingly, it is hereby **ORDERED** that defendants' motion to dismiss is **GRANTED TO THE EXTENT THAT** the complaint is severed and dismissed as against defendant Metropolitan Transportation Authority, with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs, and the remainder of the motion is otherwise denied; and it is further

**ORDERED** that the clerk is directed to enter judgment in favor of defendant Metropolitan Transportation Authority accordingly; and it is further

**ORDERED** that denial is without prejudice to a motion for summary judgment raising the adequacy of the notice of claim as to the specificity of the location of the incident, upon proof that an investigation into any reported train strike incidents on December 24, 2020 at 8:30 p.m. on the northbound 6 line in Manhattan yielded either no results or more than one result, and after plaintiff has had the opportunity to depose the person who conducted the search; and it is further

**ORDERED** that the remaining parties are directed to appear at a previously scheduled preliminary conference on **September 11, 2025 at 9:30 a.m.** in IAS Part 21, 80 Centre Street Room 280, New York, New York.

20250701104408RTSAICD6C3F7EF6584F57ACCD23C2A8665954

**7/01/2025**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

150210/2022   HENDRIX JACKSON, JIM vs. NEW YORK CITY TRANSIT AUTHORITY ET AL        Page 6 of 6
Motion No.  002

[* 6]