National Fuel Gas Distrib. Corp. v Niagara Falls Water Bd. (2021 NY Slip Op 02951)





National Fuel Gas Distrib. Corp. v Niagara Falls Water Bd.


2021 NY Slip Op 02951


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


967 CA 19-02325

[*1]NATIONAL FUEL GAS DISTRIBUTION CORPORATION, PLAINTIFF-RESPONDENT,
v
NIAGARA FALLS WATER BOARD, DEFENDANT-APPELLANT. 






SEAN W. COSTELLO, GENERAL COUNSEL, NIAGARA FALLS, FOR DEFENDANT-APPELLANT.
WILDER & LINNEBALL, LLP, BUFFALO (LAURA A. LINNEBALL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered November 27, 2019. The order, among other things, denied defendant's motion to, inter alia, dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action arising from an incident in which an underground water main owned and operated by defendant broke and flooded the area of 18th Street in the City of Niagara Falls, causing damage to plaintiff's underground gas main, defendant appeals from an order that, inter alia, denied its motion to dismiss the complaint in its entirety or to strike from the complaint any theories of liability not specified in the notice of claim. We affirm.
A notice of claim must set forth, among other things, the time and place of an accident and the manner in which it occurred (see General Municipal Law § 50-e [2]). That statutory requirement is designed to enable the governmental entity involved to obtain sufficient information to promptly investigate, collect evidence, evaluate the merit of the claim, and assess the municipality's exposure to liability (see Brown v City of New York , 95 NY2d 389, 392-393, 394 [2000]). In considering the sufficiency of a notice of claim in the context of a motion to dismiss, a court is not confined to the notice of claim itself, but "may [also] look . . . [at] such other evidence as is properly before the court" (D'Alessandro v New York City Tr. Auth. , 83 NY2d 891, 893 [1994]).
We reject defendant's contention that the notice of claim asserted claims for negligence or trespass relating only to excavation. Rather, consistent with the complaint, the notice of claim apprised defendant that it committed acts of "negligence" and "trespass" relating to the water main break. That was sufficient to enable defendant to conduct a proper investigation of the claim, particularly in light of the fact that defendant stationed a repair crew at the site of the water main break for several days after the incident and thus had the ability to immediately investigate the circumstances of the break and the damages sustained by plaintiff as a result of the break. Supreme Court thus properly denied the motion.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court