OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this memorandum.
 

 On January 13, 1988, plaintiff was waiting for the B1 bus in Brooklyn. Due to the accumulation of snow and ice at the sidewalk bus stop, plaintiff was forced to wait on the street. Allegedly, an approaching bus pulled up too close to her, causing her to fall as she attempted to jump back toward the sidewalk to avoid being hit by the bus. Plaintiff sustained a fractured and dislocated elbow and other injuries as the result
 
 *893
 
 of her fall and sought damages against defendant in negligence.
 

 Plaintiffs notice of claim, filed on February 3, 1988, did not identify the bus or bus driver allegedly involved or the nature of the accident. On February 24, 1988, plaintiff testified at a hearing held pursuant to General Municipal Law § 50-h. A summons and complaint was subsequently served upon defendant on June 3, 1988.
 

 On January 10, 1991, after jury selection, defendant moved to dismiss the complaint because of plaintiffs failure to serve an adequate notice of claim, contending that it had been prejudiced in investigating the claim because the notice of claim failed to specify the bus or bus driver involved in the accident or the nature of the accident. Plaintiff contended that if the notice was insufficient it should be considered with the hearing testimony. Supreme Court, analyzing only the notice of claim, granted defendant’s motion to dismiss the complaint, stating: "[T]he notice of claim stands by itself, does it not, alone. Not with the hearing. Not with anything else. The notice of claim that you must file under the law must be sufficient within the four corners of that document.” The Appellate Division affirmed.
 

 In determining whether to grant the motion to dismiss the complaint, the courts below erroneously concluded that their inquiry was strictly limited to the "four corners” of the notice of claim
 
 (see, Schwartz v City of New York,
 
 250 NY 332, 335 ["Circumstances must determine in each case whether the notice served is sufficient”]). In passing on the sufficiency of a notice of claim in the context of a motion to dismiss, courts are not confined to the notice of claim itself. The relevant inquiry is set forth in General Municipal Law § 50-e (6), which provides that "a mistake, omission, irregularity or defect made in good faith * * * may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby.” In making this determination of prejudice, the court may look to evidence adduced at a section 50-h hearing, and to such other evidence as is properly before the court.
 

 Without expressing any view regarding the validity of the trial court’s exercise of discretion in this case, we reverse and remit the matter to Supreme Court so that it may exercise its discretionary authority in accordance with this memorandum.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 
 *894
 
 Order reversed, etc.