■ MARGARET IMBRIALE, Individually and as Executrix of JOHN J. IMBRIALE, Deceased, Appellant, v ESTATE OF JOSEPH J. IMBRIALE et al., Respondents. [614 NYS2d 324] —In an action to vacate a stipulation of settlement, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), dated September 29, 1992, as denied its motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff has failed to allege any legal or equitable basis upon which to vacate the stipulation of settlement *(see, e.g., Matter of Frutiger,* 29 NY2d 143, 149-150). Thus, the defendants were properly granted summary judgment. Rosenblatt, J. P., Lawrence, Copertino and Joy, JJ., concur.

■ ARTURO LOPEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [614 NYS2d 327] —In an action to recover damages for wrongful death and conscious pain and suffering, the defendant appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated September 4, 1992, which denied its motion to strike certain allegations from the amended verified complaint and bill of particulars on the ground that the notice of claim lacked adequate specificity to provide notice of those allegations.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the plaintiff's notice of claim, when considered under the circumstances of this case and viewed in conjunction with the pleadings and other evidence *(see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891), was sufficiently specific regarding the manner and location of the decedent's accident. Accordingly, we discern no improvident exercise of discretion in the Supreme Court's denial of the defendant's motion to strike certain allegations from the amended verified complaint and bill of particulars. Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.