■ ELIZABETH RYAN, Respondent, v COUNTY OF NASSAU, Defendant, and INCORPORATED VILLAGE OF PORT WASHINGTON NORTH, Appellant. [705 NYS2d 398] —In an action to recover damages for personal injuries, the defendant Incorporated Village of Port Washington North appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), entered March 29, 1999, which denied its motion to dismiss the complaint insofar as asserted against it based on the inadequacy of the plaintiff's notice of claim.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff allegedly tripped and fell on a defect in the roadway on Cow Neck Road in the Incorporated Village of Port Washington North. The timely notice of claim did not comply with the requirements of General Municipal Law § 50-e (2) because it did not correctly or sufficiently describe the location of the accident. Defects of this kind must be set forth with

great specificity because of their transitory nature (*see, Schwartz v City of New York,* 250 NY 332; *Earle v Town of Oyster Bay,* 247 AD2d 357; *Fendig v City of New York,* 132 AD2d 520; *Zapata v City of New York,* 225 AD2d 543; *Caselli v City of New York,* 105 AD2d 251, 253). The appellant did not learn of the correct location of the accident until approximately 12 months after the date of the accident, when it received an amended notice of claim. Under these circumstances, the appellant was prejudiced by the defect in the notice since it was deprived of an opportunity to conduct a meaningful investigation (*see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *Zapata v City of New York, supra*; *Ortiz v New York City Hous. Auth.,* 201 AD2d 547). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.