OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 This appeal tests the sufficiency of a Notice of Claim required for suit against a municipality (General Municipal Law § 50-e). The Appellate Division, after a verdict in plaintiffs favor for personal injuries resulting from a fall on a New York City sidewalk, affirmed the trial court’s dismissal of the complaint on the ground that “plaintiff failed to notify the City in his notice of claim of the location of the defect which he claimed at trial was the cause of his accident” (265 AD2d 284). Concluding that notice was adequate, we now reverse.
 

 Shortly after falling on a Brooklyn sidewalk, plaintiff served a Notice of Claim on the City, alleging:
 

 “The accident occurred on December 2, 1993, at or about 11:00 a.m., when claimant sustained fractures to his right leg and ankle after tripping on a broken and defective portion of
 
 sidewalk
 
 and curb, located on West 33rd Street, approximately 65 feet and 7 inches south of the southwest corner of Mermaid Avenue and West 33rd Street, and 8 feet and 4 inches east from the lot line on the west side of West 33rd Street, in the County of Kings, City and State of New York. * * * The defective area is approximately eight inches wide and approximately 2 inches deep” (emphasis added).
 

 Three pictures of the accident site — each containing a circle drawn around the curb that extended to include a small portion of the sidewalk — accompanied plaintiffs Notice of Claim, which additionally stated:
 

 
 *392
 
 “The photograph annexed hereto and designated as
 
 ‘V
 
 depicts the location of the
 
 aforesaid defective sidewalk
 
 and curb in relation to the southwest corner of Mermaid Avenue and West 33rd Street. The photograph annexed hereto and designated as ‘2’ depicts a closer view of the
 
 aforesaid defective sidewalk
 
 and curb. The photograph annexed hereto and designated as ‘3’ depicts a close up view of the aforesaid
 
 defective sidewalk
 
 and curb” (emphasis added).
 

 At a hearing conducted pursuant to General Municipal Law § 50-h, which permits the City to examine a claimant “relative to the occurrence and extent of the injuries” (subd [1]), plaintiff testified that he fell after stepping on a broken sidewalk. At his deposition, and later at trial, plaintiff reconfirmed that he had never reached the curb and that he fell after he “stepped on [a] broken sidewalk.”
 

 The evidence at trial established that the City had prior written notice of the sidewalk defect but not of any dangerous conditions associated with the curb. Thus, the Trial Judge instructed the jury that plaintiff could recover only if they found that he had fallen on the sidewalk
 
 (see,
 
 Administrative Code of City of NY § 7-201 [c]). The jury returned a verdict in plaintiffs favor, finding specifically that he had fallen on the sidewalk. The City moved to set aside the verdict, alleging among other grounds, that the Notice of Claim was defective. Supreme Court held that “by circling the defective curb on each of the photographs and giving precise measurements, to the inch, of the defect’s location and size, plaintiff [was] precluded from alleging at trial that it was a defective sidewalk rather than a defective curb that caused the accident.” The court additionally concluded the verdict was against the weight of the evidence. The Appellate Division affirmed solely on the ground that plaintiffs Notice of Claim was deficient in failing to notify the City of the location of the injury-causing defect. We now reverse and remit to the Appellate Division for consideration of additional issues not previously reached by that court.
 

 To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim
 
 (see, Winbush v City of Mount Vernon,
 
 306 NY 327, 333;
 
 Rivero v City of New York,
 
 290 NY 204, 208;
 
 Purdy v City of New York,
 
 193 NY 521, 523,
 
 rearg
 
 
 *393
 

 denied
 
 195 NY 604;
 
 see also,
 
 Siegel, NY Prac § 32, at 35 [3d ed]). General Municipal Law § 50-e (2) (“Form of notice; contents”) requires, among other things, that a Notice of Claim “be in writing, sworn to by or on behalf of the claimant” and that it set forth:
 

 “(1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable.”
 

 Reasonably read, the statute does not require “those things to be stated with literal nicety or exactness”
 
 (Purdy v City of New York, supra,
 
 193 NY, at 523;
 
 see also, Schwartz v City of New York,
 
 250 NY 332, 335). The test of the sufficiency of a Notice of Claim is merely “whether it includes information sufficient to enable the city to investigate”
 
 (see, O’Brien v City of Syracuse,
 
 54 NY2d 353, 358). “Nothing more may be required”
 
 (Schwartz v City of New York, supra,
 
 250 NY, at 335). Thus, in determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant’s description municipal authorities can locate the place, fix the time and understand the nature of the accident
 
 (Purdy v City of New York, supra,
 
 193 NY, at 524;
 
 Widger v Central School Dist. No. 1,
 
 18 NY2d 646, 648).
 

 The City urges that, by circling the curb and not the immediately adjacent sidewalk, claimant rendered the Notice of Claim misleading because it “is not at all true that an examination of the curb * * * would necessarily have revealed the sidewalk condition.” To the contrary, plaintiffs Notice of Claim identified the accident site with particularity, fixing the location where he tripped “on a broken and defective portion of sidewalk and curb.” Indeed, his Notice of Claim mentions a “defective sidewalk” not once but four times. Although the circles centered on the curb and included only a small portion of the sidewalk, claimant’s repeated references to a “defective sidewalk” sufficiently put the City on notice that it was not only the curb but also the immediately adjacent sidewalk that caused his injuries, enabling timely investigation of his allegations
 
 (contrast, Harper v City of New York,
 
 129 AD2d 770, 771 [City prejudiced where Notice of Claim was not specific in describing accident location and plaintiff later materially
 
 *394
 
 contradicted herself];
 
 Bacchus v City of New York,
 
 134 AD2d 393, 394 [City unable to promptly and adequately investigate accident location where Notice of Claim provided wrong side of street];
 
 Krug v City of New York,
 
 147 AD2d 449, 449 [City deprived of opportunity to conduct proper investigation where Notice of Claim provided incorrect address];
 
 Konsker v City of New York,
 
 172 AD2d 361, 361-362 [municipality unable to conduct proper investigation where Notice of Claim and complaint stated wrong location],
 
 lv denied
 
 78 NY2d 858;
 
 Setton v City of New York,
 
 174 AD2d 723, 723 [City conducted investigation at wrong site based on misidentification of accident location in original Notice of Claim];
 
 Wai Man Hui v Town of Oyster Bay,
 
 267 AD2d 233, 234 [municipality unable to locate accident site and conduct timely investigation],
 
 lv denied
 
 94 NY2d 764).
 

 A Notice of Claim serves an important public purpose, enabling authorities to promptly investigate the site of an alleged accident and assess municipal exposure to liability. Plaintiffs Notice plainly satisfied that purpose.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to that court for further proceedings in accordance with this Opinion.
 

 Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order reversed and case remitted to the Appellate Division, Second Department, for'consideration of issues raised but not determined on the appeal to that court.