■ DIANE MACK, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [730 NYS2d 730] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated September 29, 2000, as denied that branch of her motion to strike the answer of the defendant City of New York, and granted that defendant's cross motion to dismiss the complaint insofar as asserted against it based on the inadequacy of the plaintiff's notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The requirements of the statutory notice of claim provisions of General Municipal Law § 50-e (2) are met when the notice describes the accident with sufficient particularity so as to enable the defendant to conduct a proper investigation and to assess the merits of the claim (*see, Cyprien v New York City Tr. Auth.,* 243 AD2d 673; *Altmayer v City of New York,* 149 AD2d 638). Claims of roadway or sidewalk defects must be set forth with great specificity because of their transitory nature (*see, Ryan v County of Nassau,* 271 AD2d 428; *Caselli v City of New York,* 105 AD2d 251, 253). The plaintiff's notice of claim, although timely, did not comply with the specificity requirements because it did not sufficiently describe the location of the accident. In addition, we agree with the Supreme Court that the conflicting and confusing information subsequently offered by the plaintiff as to the location clearly prejudiced the defendant City by hindering its ability to conduct a prompt and meaningful investigation. Thus, the City's cross motion was properly granted.

In light of our determination, we need not reach the plaintiff's remaining contention. Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.