■ Marlene Canelos, Appellant, v City of New York et al., Respondents. [830 NYS2d 334]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated January 30, 2006, which, inter alia, denied her motion for leave to serve an amended notice of claim, an amended complaint, and an amended bill of particulars in order to reflect the correct location of the subject accident, and granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the notice of claim was inadequate.

Ordered that the order is affirmed, with costs.

Approximately 22 months after sustaining injuries in a trip-and-fall accident allegedly due to a defective sidewalk condition at a bus stop, the plaintiff sought, inter alia, leave to amend the original notice of claim, which had misidentified the street where the alleged sidewalk defect was located. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the notice of claim was inadequate. We affirm.

The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the municipal agency

to investigate the allegations contained in the notice of claim. In determining whether there has been compliance with the requirements of General Municipal Law § 50-e (2), we must focus on whether, based on the claimant's description, the relevant municipal authorities can locate the place, fix the time, and understand the nature of the accident (*see Brown v City of New York,* 95 NY2d 389, 393 [2000]; *O'Brien v City of Syracuse,* 54 NY2d 353, 358 [1981]). General Municipal Law § 50-e (6) provides that "a mistake, omission, irregularity or defect" in the notice of claim may be "corrected, supplied or disregarded" in the court's discretion, provided that the mistake, omission, irregularity, or defect was made in good faith, and the public corporation was not prejudiced thereby (*see D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891, 893 [1994]; *Palmieri v New York City Tr. Auth.,* 288 AD2d 361, 362 [2001]; *Cyprien v New York City Tr. Auth.,* 243 AD2d 673 [1997]).

The plaintiff's mistaken description in her notice of claim of the location of the alleged sidewalk defect, together with the 22-month delay in seeking leave to amend the notice of claim, prejudiced the defendants by depriving them of the opportunity to conduct the type of prompt investigation envisioned by General Municipal Law § 50-e (*see Serrano v City of New York,* 143 AD2d 652 [1988]; *Harper v City of New York,* 129 AD2d 770 [1987]; *Martire v City of New York,* 129 AD2d 567 [1987]; *Matter of Malla v City of New York,* 129 AD2d 580 [1987]; *Caselli v City of New York,* 105 AD2d 251 [1984]).

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to serve an amended notice of claim, an amended complaint, and an amended bill of particulars, and, because the notice of claim did not properly identify the correct location of the accident site, in granting the defendants' cross motion for summary judgment dismissing the complaint on the ground that the notice of claim was inadequate (*see Ryan v County of Nassau,* 271 AD2d 428 [2000]). Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.