■ JOHN SHUFELDT et al., Appellants, v CITY OF NEW YORK, Respondent. [889 NYS2d 546]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered October 21, 2008, which granted defendant's motion in limine to preclude plaintiffs from asserting theories of liability not asserted in the notice of claim, and, upon said order of preclusion, dismissed the complaint on the basis that plaintiffs cannot meet the prima facie burden of showing prior written notice of the defect at issue, unanimously affirmed, without costs.

Plaintiff John Shufeldt was injured in a single-car accident in March 1982. Plaintiff served a notice of claim in April 1982 and alleged that he was injured when he drove his vehicle "over severely broken pavement . . . into a hole," causing his car to go out of control. A hearing was conducted pursuant to General Municipal Law § 50-h in February 1983, where plaintiff testified that there had been construction in the vicinity of his accident, and that he had seen "repaired holes" "right at" the site of his accident. Plaintiff's complaint asserted causes of action in negligence due to defendant's keeping the roadway in a "state of disrepair." Defendant answered and demanded a bill of particulars in June 1983, which plaintiff did not serve until November 1992. In the bill of particulars, plaintiff expanded upon allegations set forth in the complaint, reiterating that defendant had permitted the roadway to fall into a "state of disrepair."

In August 2004, in response to a discovery request by plaintiff, defendant produced an affidavit attesting that it had performed a search for records relating to construction in the vicinity of the accident for the two years prior to March 1982, but that any responsive documents had been destroyed. In May 2005, plaintiff served an amended bill of particulars, asserting for the first time that defendant had itself created the hole he drove into, and that defendant had been negligent in failing to take adequate steps to cover or otherwise warn drivers about the hole.

Supreme Court properly granted defendant's motion in limine and dismissed the complaint. The notice of claim gives no indication that the defect in question was affirmatively created by defendant, rather than being a pothole resulting from neglect. Under the circumstances of this case, where 25 years had passed since commencement of the action, and plaintiff waited more than two decades before seeking construction-related records, it cannot be said that the court abused its discretion in declining to permit plaintiff to supplement the facially deficient notice of claim by reference to testimony elicited at the section 50-h hearing (*see* General Municipal Law § 50-e [6]; *cf. D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]). Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.