■ GRISSANNA PUELLO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [55 NYS3d 355]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), entered March 5, 2015, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the public entity to "locate the place, fix the time, and understand the nature of the accident" (*Canelos v City of New York*, 37 AD3d 637, 638 [2007]; *see Palmieri v New York City Tr. Auth.*, 288 AD2d 361 [2001]). In determining the sufficiency of a notice of claim, a court, in addition to examining the four corners of the notice of claim, may consider the testimony provided during a General Municipal Law § 50-h examination, as well as any other evi-

dence before the court (*see D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]; *Power v Manhattan & Bronx Surface Operating Auth.*, 16 AD3d 655 [2005]; *Matter of Barrios v City of New York*, 300 AD2d 480, 481 [2002]).

Here, in support of its motion for summary judgment dismissing the complaint, the defendant submitted the plaintiff's notice of claim, which alleged, inter alia, that on January 5, 2012, while walking down a ramp in the lobby of a building owned and controlled by the defendant at 2703 West 33rd Street in Brooklyn (hereinafter the premises), she "was caused to slip and fall and or trip and fall due to water flooding and/or leaking which was left by the [defendant], its agents, servants and employees all throughout the lobby area of the premises . . . [and] due to the defective, water logged ramp, causing her body to strike the ramp and floor." The photographs accompanying the notice of claim depict a wooden ramp. The defendant also submitted an affidavit of an investigator who averred that, on February 28, 2012, he conducted an investigation of the premises, interviewed and took statements from "development personnel," and "searched for and obtained copies of work orders, building inspection reports, and the supervisor of caretakers' logbook." He further averred that he did not ask anyone how the ramp in the lobby was bolted to the floor. On May 22, 2012, the plaintiff testified at the General Municipal Law § 50-h hearing and clarified that she fell not because the ramp was wet, but because the ramp to the lobby "wobbled" and "moved," which caused her to fall. The investigator returned to the premises seven months after the alleged incident, took photographs of the ramp, "and observed that the ramp was securely bolted to the floor."

The defendant failed to establish its prima facie entitlement to judgment as a matter of law. Contrary to the defendant's contention, the Supreme Court correctly determined that the plaintiff's notice of claim fairly implied the theory of liability herein. The notice of claim sufficiently described the nature of the plaintiff's claim, as well as the time, place, and manner in which the claim arose (*see Nandlal v City of New York*, 66 AD3d 653, 654 [2009]). Indeed, the notice of claim identified the cause of the plaintiff's fall as "the defective, water logged ramp," which led to an inspection of the ramp. Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.