■ OTIS DAVIS, as Administrator of the Estate of GILROY DAVIS, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [61 NYS3d 551]—

Appeal from an order of the Supreme Court, Queens County (Phyllis Orlikoff Flug, J.), dated October 7, 2015. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging assault and battery and negligent hiring, retention, and supervision, and for summary judgment dismissing the causes of action alleging wrongful death and negligent infliction of emotional distress.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 15, 2010, the plaintiff's decedent was arrested by the New York City Police Department in connection with an alleged robbery that had occurred earlier that morning. The decedent was brought to the precinct station house, where he

complained to a police officer of chest pains. The decedent was transferred by ambulance to the hospital, where he died. The medical examiner determined that the cause of the decedent's death was "acute coronary artery thrombus complicating atherosclerotic cardiovascular disease," and that the manner of death was "natural." On April 1, 2010, the plaintiff, as the proposed administrator of the decedent's estate, filed a notice of claim with, among others, the City of New York and the New York City Police Department, alleging, inter alia, that they were negligent in failing to respond to the decedent's obvious medical needs and his reasonable requests for treatment, in failing to provide the decedent with adequate medical care and treatment while he was in their custody, in failing to take proper precautions to prevent the decedent's condition from worsening, and in failing to timely transfer the decedent to a facility capable of rendering proper and adequate medical care. In addition, the notice of claim alleged damages for, inter alia, "personal injuries," "pain and suffering," "emotional pain," and "wrongful death." On June 4, 2010, the plaintiff testified at an examination conducted pursuant to General Municipal Law § 50-h that prior to the decedent's death, the decedent told a doctor at the hospital that he had been beaten up by men who had accused him of the robbery, and by the police.

In June 2011, the plaintiff, as administrator of the decedent's estate, commenced this action against the defendants seeking, among other things, to recover damages for assault and battery, negligent infliction of emotional distress, wrongful death, and negligent hiring, retention, and supervision. The complaint alleged that the decedent had told a doctor in the emergency room of the hospital that the police had beaten him, and that the police had used excessive force with the decedent. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as asserted causes of action alleging assault and battery, negligent infliction of emotional distress, and negligent hiring, retention, and supervision on the ground that these theories of liability were not set forth in the notice of claim. The defendants also moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging assault and battery and negligent hiring, retention, and supervision on the ground that the notice of claim failed to set forth any allegations that the police officers had assaulted the decedent, or that the police officers were negligently hired, supervised, or retained. The court found that the notice of claim sufficiently set forth a claim alleging

negligent infliction of emotional distress based upon the defendants' alleged failure to provide prompt and adequate medical care for the decedent. However, the court found that the defendants demonstrated, prima facie, that they satisfied their obligation to provide medical care for the decedent, and that the plaintiff failed to raise a triable issue of fact in opposition. Accordingly, the court found that the defendants were entitled to summary judgment dismissing the causes of action alleging negligent infliction of emotional distress and wrongful death. The plaintiff appeals.

"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (*Brown v City of New York*, 95 NY2d 389, 392 [2000]; *see* General Municipal Law § 50-e). The General Municipal Law requires that the notice of claim set forth, among other things, "the nature of the claim" and "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]; *see Brown v City of New York*, 95 NY2d at 393). "The requirements of the statute are met when the notice describes the [incident] with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim" (*Palmer v Society for Seamen's Children*, 88 AD3d 970, 971 [2011]; *see Vargas v City of New York*, 105 AD3d 834, 836 [2013], *lv granted* 22 NY3d 858 [2013]).

"In making a determination on the sufficiency of a notice of claim, a court's inquiry is not limited to the four corners of the notice of claim" (*Vallejo-Bayas v New York City Tr. Auth.*, 103 AD3d 881, 882-883 [2013]; *see D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]). A court may consider the testimony provided during an examination conducted pursuant to General Municipal Law § 50-h and any other evidence properly before it to correct a good faith and nonprejudicial technical mistake, omission, irregularity, or defect in the notice of claim (*see Castillo v Kings County Hosp. Ctr.*, 149 AD3d 896 [2017]; *Vallejo-Bayas v New York City Tr. Auth.*, 103 AD3d at 882-883; *Power v Manhattan & Bronx Surface Operating Auth.*, 16 AD3d 655, 656 [2005]; *see also* General Municipal Law § 50-e [6]; *D'Alessandro v New York City Tr. Auth.*, 83 NY2d at 893). However, in determining the sufficiency of a notice of claim, testimony during an examination conducted pursuant to General Municipal Law § 50-h cannot be used to substantively change the nature of the claim or the theory of liability set forth in the notice of claim (*see Scott v City of New York*, 40

AD3d 408, 410 [2007]; *Figueroa v New York City Hous. Auth.*, 271 AD2d 238, 239 [2000]; *see also Castillo v Kings County Hosp. Ctr.*, 149 AD3d 896 [2017]; *Robinson v City of New York*, 138 AD3d 1093, 1094 [2016]; *Priant v New York City Tr. Auth.*, 126 AD3d 774, 774 [2015]; *Tully v City of Glen Cove*, 102 AD3d 670, 671 [2013]).

Here, the notice of claim was limited to allegations that the police officers involved in the decedent's arrest failed to obtain timely medical assistance for the decedent while he was in their custody, and that the hospital staff negligently treated the decedent. There were no allegations, either express or implied, that the police had assaulted the decedent, or that the defendants negligently hired, supervised, or retained the police officers who were involved in the decedent's arrest. The plaintiff's testimony at the General Municipal Law § 50-h examination cannot be used to amend the theories of liability set forth in the notice of claim (*see Scott v City of New York*, 40 AD3d at 410; *Figueroa v New York City Hous. Auth.*, 271 AD2d at 239). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging assault and battery and negligent hiring, retention, and supervision (*see Vargas v City of New York*, 105 AD3d 834 [2013]; *Bryant v City of New York*, 188 AD2d 445, 446 [1992]).

The Supreme Court also properly determined that the defendants were entitled to summary judgment dismissing the causes of action alleging negligent infliction of emotional distress and wrongful death. The defendants established their prima facie entitlement to judgment as a matter of law dismissing these causes of action by submitting evidence that the police sought medical care for the decedent immediately after he began to complain of chest pains. Contrary to the plaintiff's contention, the defendants were not required to submit evidence demonstrating that the police did not assault the decedent, since there was no allegation in the notice of claim that the police had assaulted the decedent (*see Vargas v City of New York*, 105 AD3d 834 [2013]). In opposition, the plaintiff could not raise a triable issue of fact by relying on evidence that was submitted in support of a theory of liability that was not advanced in the notice of claim (*see Heckel v City of New York*, 60 AD3d 812, 813 [2009]). Accordingly, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The parties' remaining contentions need not be reached in light of our determination. Eng, P.J., Leventhal, Sgroi and

Maltese, JJ., concur.