Burgos v City of New York (2022 NY Slip Op 00842)





Burgos v City of New York


2022 NY Slip Op 00842


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-10045
 (Index No. 704987/17)

[*1]Justino Burgos, appellant, 
v
City of New York, et al., respondents.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Michael F. Villeck and Melissa C. Ingrassia of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Devin Slack and Anna Gottlieb of counsel; Robert Ayers on the brief), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 20, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendant City of New York on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 30, 2016, the plaintiff allegedly was injured when he tripped and fell on a sidewalk in Queens. In February 2017, the plaintiff served a notice of claim on the defendants, the City of New York and the New York City Department of Transportation (hereinafter the DOT), alleging that the location of the accident was "the sidewalk on Woodhaven Boulevard, between Booth Street and Queens Boulevard, and on the sidewalk located underneath the Long Island Expressway overpass." On April 24, 2017, the plaintiff was examined under oath pursuant to General Municipal Law § 50-h. Thereafter, the plaintiff commenced this action against the defendants, alleging that they were negligent in, among other things, the maintenance and repair of the sidewalk. In May 2019, the defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the City on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2), and insofar as against the DOT on the ground that it is a City agency that cannot be sued separately from the City. In an order entered August 20, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the City.
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see General Municipal Law § 50-e; Ruark v City of Glen Cove, 164 AD3d 1492, 1494; Davis v City of New York, 153 AD3d 658, 660). General Municipal Law § 50-e(2) requires that the notice of claim set forth, among other things, "the nature of the claim" and "the time when, the place where and the manner in which the claim arose" (see Brown v City of New York, 95 NY2d at 393; Davis v City of New York, 153 AD3d at 660). The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the public entity to "'locate the place, fix the time, and understand the nature of the [*2]accident'" (Puello v New York City Hous. Auth., 150 AD3d 1164, 1164, quoting Canelos v City of New York, 37 AD3d 637, 638). Claims of roadway or sidewalk defects must be set forth with great specificity because of their transitory nature (see Mack v City of New York, 286 AD2d 756; Ryan v County of Nassau, 271 AD2d 428; Caselli v City of New York, 105 AD2d 251, 253). "'Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case'" (Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882, quoting Ingle v New York City Tr. Auth., 7 AD3d 574, 575; see Ruark v City of Glen Cove, 164 AD3d at 1494). A court determining a motion to dismiss a complaint on the ground that the notice of claim is insufficient, in addition to examining the four corners of the notice of claim, may consider the testimony provided during an examination pursuant to General Municipal Law § 50-h, as well as any other evidence properly before the court (see D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893; Parker-Cherry v New York City Hous. Auth., 62 AD3d 845, 846; see also Davis v City of New York, 153 AD3d at 660).
Here, the notice of claim failed to comply with the statutory specificity requirements because it did not sufficiently describe the location of the subject accident. In addition, the conflicting and confusing information subsequently offered by the plaintiff, including, inter alia, his General Municipal Law § 50-h testimony regarding the location and cause of the accident, hindered the City's ability to conduct a prompt and meaningful investigation of the claim (see Ingle v New York City Tr. Auth., 7 AD3d at 574; Mack v City of New York, 286 AD2d 756; Cappadonna v New York City Tr. Auth., 187 AD2d 691, 692; Caselli v City of New York, 105 AD2d at 254).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the City on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2).
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court