Delisser v New York City Tr. Auth. (2022 NY Slip Op 07218)

Delisser v New York City Tr. Auth.

2022 NY Slip Op 07218

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-05663
 (Index No. 509510/14)

[*1]Wayne Delisser, respondent, 
v
New York City Transit Authority, appellant, et al., defendant.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
Georgaklis & Mallas, PLLC, Brooklyn, NY (Gregory S. Lombardi of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated March 6, 2020. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2) and for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 8, 2014, the plaintiff allegedly sustained personal injuries when he alighted from a bus on Utica Avenue between Avenue I and Avenue J in Kings County. According to the plaintiff, as soon as he stepped down onto the roadway surface with his right foot, he encountered a hump in the roadway that caused him to twist his foot and stumble.
The plaintiff, who served a notice of claim upon the defendant New York City Transit Authority (hereinafter the NYCTA), commenced this personal injury action against, among others, the NYCTA. The NYCTA moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2) and for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, denied those branches of the NYCTA's motion. The NYCTA appeals.
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see General Municipal Law § 50-e; Ruark v City of Glen Cove, 164 AD3d 1492, 1494; Davis v City of New York, 153 AD3d 658, 660). General Municipal Law § 50-e(2) requires that the notice of claim set forth, among other things, "the nature of the claim" and "the time when, the place where and the manner in which the claim arose" (see Brown v City of New York, 95 NY2d at 393; Davis v City of New York, 153 AD3d at 660). The test of the sufficiency of a notice of claim is whether it includes information sufficient [*2]to enable the public entity to "'locate the place, fix the time, and understand the nature of the accident'" (Puello v New York City Hous. Auth., 150 AD3d 1164, 1164, quoting Canelos v City of New York, 37 AD3d 637, 638). Claims of roadway or sidewalk defects must be set forth with great specificity because of their transitory nature (see Mack v City of New York, 286 AD2d 756; Ryan v County of Nassau, 271 AD2d 428; Caselli v City of New York, 105 AD2d 251, 253). "'Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case'" (Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882, quoting Ingle v New York City Tr. Auth., 7 AD3d 574, 575; see Ruark v City of Glen Cove, 164 AD3d at 1494). A court determining a motion to dismiss a complaint on the ground that the notice of claim is insufficient, in addition to examining the "four corners" of the notice of claim, may consider the testimony provided during an examination pursuant to General Municipal Law § 50-h, as well as any other evidence properly before the court (D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893 [internal quotation marks omitted]; see Parker-Cherry v New York City Hous. Auth., 62 AD3d 845, 846; see also Davis v City of New York, 153 AD3d at 660).
Here, contrary to the NYCTA's contention, the information contained in the notice of claim, supplemented by other evidence submitted by the NYCTA in support of its motion, identified the accident site with sufficient particularity (see Ruark v City of Glen Cove, 164 AD3d at 1494; Lipani v Hiawatha Elementary Sch., 153 AD3d 1247, 1248-1249). Moreover, the NYCTA's lengthy delay in moving to dismiss the complaint on the ground that the notice of claim was defective undermined the NYCTA's contention that it was prejudiced in not having the specific information sooner (see Hudson v New York City Tr. Auth., 19 AD3d 648). Accordingly, the Supreme Court properly denied that branch of the NYCTA's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2).
The Supreme Court also properly denied that branch of the NYCTA's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (Miller v Fernan, 73 NY2d 844, 846), and towards that end "to exercise reasonable and commensurate care in view of the dangers to be apprehended" (Fagan v Atlantic Coast Line R. R. Co., 220 NY 301, 306; see Guzman v New York City Tr. Auth., 162 AD3d 749, 750; Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106, 109, affd 72 NY2d 888). "Whether the defendant breached its duty to provide a passenger a safe place to alight from the bus depends on whether the bus operator could or could not have observed the dangerous condition from the operator's vantage point" (Watson v New York City Tr. Auth., 172 AD3d 957, 958; see Lovato v New York City Tr. Auth., 50 AD3d 969). Here, based upon the evidence submitted by the NYCTA in support of its motion, which included the plaintiff's description of the alleged defect, triable issues of fact exist as to whether the bus operator could or could not have observed the condition and whether the plaintiff was provided with a safe place to alight from the bus (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Since the NYCTA failed to meet its initial burden as the movant, the burden never shifted to the plaintiff to raise a triable issue of fact (see id. at 853).
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court