Bourque v County of Dutchess (2023 NY Slip Op 03674)

Bourque v County of Dutchess

2023 NY Slip Op 03674

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-07350
2021-02900
 (Index No. 52734/18)

[*1]Natasha Bourque, appellant,
v
County of Dutchess, respondent.

Goldblatt & Associates, P.C., Mohegan Lake, NY (Kenneth B. Goldblatt of counsel), for appellant.
Murphy Burns, LLP, Loudonville, NY (James J. Burns of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated September 10, 2020, and (2) an order of the same court dated March 5, 2021. The order dated September 10, 2020, granted the defendant's motion for summary judgment dismissing the complaint. The order dated March 5, 2021, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated September 10, 2020, granting the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order dated September 10, 2020, is dismissed, as that order was superseded by the order dated March 5, 2021, made, in effect, upon reargument; and it is further,
ORDERED that the order dated March 5, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On June 1, 2017, the plaintiff allegedly was injured while riding a motorcycle when she crashed due to debris on a roadway in Dutchess County. On August 16, 2017, the plaintiff served a notice of claim on the County, alleging, inter alia, that the location of the accident was "on, in and around Dog Tails Corners Road, Hamlet of Wingdale, Town of Dover, County of Dutchess, State of New York." In August 2018, the plaintiff commenced this action to recover damages for personal injuries against the County, alleging that the County was negligent in the design, maintenance, and inspection of the subject road. Thereafter, the County moved for summary judgment dismissing the complaint, arguing, among other things, that the notice of claim failed to set forth the location of the accident with sufficient specificity. In an order dated September 10, 2020, the Supreme Court granted the County's motion for summary judgment dismissing the complaint. Thereafter, the plaintiff moved for leave to reargue her opposition to the County's motion for summary judgment. In an order dated March 5, 2021, the court, in effect, upon reargument, adhered to its prior determination in the order dated September 10, 2020. The plaintiff appeals.
"To enable authorities to investigate, collect evidence and evaluate the merit of a [*2]claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see General Municipal Law § 50-e; Delisser v New York City Tr. Auth., 211 AD3d 907, 907). General Municipal Law § 50-e(2) requires that the notice of claim set forth, among other things, "the time when, the place where and the manner in which the claim arose" (see Brown v City of New York, 95 NY2d at 393). The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the public entity to "locate the place, fix the time, and understand the nature of the accident" (Puello v New York City Hous. Auth., 150 AD3d 1164, 1164 [internal quotation marks omitted]). Further, "[c]laims of roadway or sidewalk defects must be set forth with great specificity because of their transitory nature" (Delisser v New York City Tr. Auth., 211 AD3d at 908; see Burgos v City of New York, 202 AD3d 744, 745-746).
Here, the County established, prima facie, that the notice of claim failed to describe the location of the subject accident with sufficient specificity (see Burgos v City of New York, 202 AD3d at 746; Wai Man Hui v Town of Oyster Bay, 267 AD2d 233, 234). Further, even assuming, arguendo, an alleged photograph of the accident location was attached to the notice of claim, the County established, prima facie, that the photograph did not provide it with adequate information to investigate the claim (see Murtha v Town of Huntington, 120 AD3d 480, 481-482; Yankana v City of New York, 246 AD2d 645, 646). In opposition to the County's prima facie showing, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are either not properly before this Court or without merit.
Accordingly, the Supreme Court properly, in effect, upon reargument, adhered to the determination in the order dated September 10, 2020, granting the County's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court