A. A. v City of New York (2023 NY Slip Op 04744)

A. A. v City of New York

2023 NY Slip Op 04744

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-06513
 (Index No. 520587/16)

[*1]A. A., etc., et al., appellants, 
v
City of New York, et al., respondents.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Eva L. Jerome of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated December 7, 2018. The order, in effect, granted the defendants' motion to dismiss the complaint on the ground that the notice of claim did not comply with General Municipal Law § 50-e.
ORDERED that the order is affirmed, with costs.
On December 22, 2015, prior to the start of the school day, the infant plaintiff, then 12 years old, allegedly was injured when she tripped and fell while running in the schoolyard adjacent to I.S. 318, located at 101 Walton Street, Brooklyn. In March 2016, the infant plaintiff and her mother served a notice of claim upon the defendants, alleging that the location of the accident was "De Hostos playground adjacent to I.S. 318, which is located at 101 Walton Street, Brooklyn, New York. The playground is bounded by Throop Avenue and Walton, Harrison and Lorimer Streets," and further alleging that the infant plaintiff tripped and fell due to the "defective condition of the track which runs around the ballfield located thereat." On August 4, 2016, the infant plaintiff was examined under oath pursuant to General Municipal Law § 50-h. Thereafter, the infant plaintiff by her mother, and her mother suing derivatively, commenced this personal injury action against the defendants, alleging that they were negligent in, among other things, the maintenance and repair of the area where the infant plaintiff was injured. In June 2017, the defendants moved to dismiss the complaint on the ground that the notice of claim did not comply with General Municipal Law § 50-e. In an order dated December 7, 2018, the Supreme Court, in effect, granted the defendants' motion. The plaintiffs appeal.
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see General Municipal Law § 50-e; Burgos v City of New York, 202 AD3d 744, 745; Davis v City of New York, 153 AD3d 658, 660). The General Municipal Law requires that the notice of claim set forth, among other things, "the nature of the claim" and "the time when, the place where and the manner in which the [*2]claim arose" (id. § 50-e[2]; see Brown v City of New York, 95 NY2d at 393; Burgos v City of New York, 202 AD3d at 745). The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the public entity to "'locate the place, fix the time, and understand the nature of the accident'" (Puello v New York City Hous. Auth., 150 AD3d 1164, 1164, quoting Canelos v City of New York, 37 AD3d 637, 638). Claims of roadway, sidewalk, or similar defects must be set forth with great specificity because of their transitory nature (see Burgos v City of New York, 202 AD3d at 746; Mack v City of New York, 286 AD2d 756; Ryan v County of Nassau, 271 AD2d 428). "'Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case'" (Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882, quoting Ingle v New York City Tr. Auth., 7 AD3d 574, 575; see Burgos v City of New York, 202 AD3d at 746). A court determining a motion to dismiss a complaint on the ground that the notice of claim is insufficient, in addition to examining the four corners of the notice of claim, may consider the testimony provided during an examination pursuant to General Municipal Law § 50-h, as well as any other evidence properly before it (see D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893; Burgos v City of New York, 202 AD3d at 746; Parker-Cherry v New York City Hous. Auth., 62 AD3d 845, 846).
Here, the notice of claim failed to comply with the statutory specificity requirements because it did not sufficiently describe the location of the accident. In addition, the conflicting and confusing information subsequently offered by the plaintiffs, including, inter alia, the infant plaintiff's General Municipal Law § 50-h testimony regarding the location and cause of the subject accident, hindered the defendants' ability to conduct a prompt and meaningful investigation of the claim (see Burgos v City of New York, 202 AD3d at 746; Mack v City of New York, 286 AD2d 756; Cappadonna v New York City Tr. Auth., 187 AD2d 691, 692; Caselli v City of New York, 105 AD2d 251, 254).
Accordingly, the Supreme Court properly, in effect, granted the defendants' motion to dismiss the complaint on the ground that the notice of claim did not comply with General Municipal Law § 50-e.
The plaintiffs' remaining contentions are without merit.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER
Darrell M. Joseph
Acting Clerk of the Court