Behrens v Town of Huntington (2024 NY Slip Op 04301)

Behrens v Town of Huntington

2024 NY Slip Op 04301

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2021-09591
 (Index No. 612168/21)

[*1]Brian Behrens, et al., appellants, 
v
Town of Huntington, respondent. 

Douglas M. Reda, Woodbury, NY, for appellants.
Susan J. Coleman, Town Attorney, Huntington, NY (Milber Makris Plousadis & Seiden, LLP [Louis B. Imbroto], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), entered November 26, 2021. The judgment, upon an order of the same court dated November 24, 2021, granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs allegedly were injured when, at different times during the morning of July 25, 2020, they slipped and fell on a gangway ramp leading down to a floating dock at a marina owned, operated, and/or maintained by the defendant, Town of Huntington. In September 2020, the plaintiffs served separate but nearly identical notices of claim upon the Town, alleging that the location of the subject accidents was "on the gangway to the docks behind the Halesite Fire Department leading down to the floating docks," that they each were injured when they separately "slipped and fell on the gangway," and that they each sustained "serious and severe personal injuries . . . as a result of the carelessness, recklessness and negligence" of the Town. On January 19, 2021, the plaintiffs testified at a hearing pursuant to General Municipal Law § 50-h. Thereafter, the plaintiffs commenced this personal injury action against the Town, alleging in the complaint, among other things, that they were "caused to fall to the ground as a result of defect and/or water or other substance on the gangway leading down to the floating docks behind the Halesite Fire Department." The Town moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, inter alia, that the notices of claim did not comply with the statutory requirements of General Municipal Law § 50-e(2). In an order dated November 24, 2021, the Supreme Court granted the Town's motion, and a judgment entered November 26, 2021, upon the order dismissed the complaint. The plaintiffs appeal.
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" within 90 days after the claim arises (Washington v City of New York, 190 AD3d 1009, 1010 [internal quotation marks omitted]; see General Municipal Law § 50-e[1][a]; Brown v City of New York, 95 NY2d 389, 392; Burgos v City of New York, 202 AD3d 744, 745). [*2]Pursuant to General Municipal Law § 50-e(2), "[a] notice of claim must set forth, inter alia, the nature of the claim, and the time, place, and manner in which the claim arose" (Congero v City of Glen Cove, 193 AD3d 679, 680 [internal quotation marks omitted]; see Lipani v Hiawatha Elementary Sch., 153 AD3d 1247, 1248). The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the public entity to "'locate the place, fix the time, and understand the nature of the accident'" (Puello v New York City Hous. Auth., 150 AD3d 1164, 1164, quoting Canelos v City of New York, 37 AD3d 637, 638; see Palmer v Society for Seamen's Children, 88 AD3d 970, 971). "Claims of roadway, sidewalk, or similar defects must be set forth with great specificity because of their transitory nature" (A.A. v City of New York, 219 AD3d 1473, 1474; see Burgos v City of New York, 202 AD3d at 745-746). "Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case" (Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882 [internal quotation marks omitted]; see Burgos v City of New York, 202 AD3d at 746; Kim L. v Port Jervis City School Dist., 40 AD3d 1042, 1044). "A court determining a motion to dismiss a complaint on the ground that the notice of claim is insufficient, in addition to examining the four corners of the notice of claim, may consider the testimony provided during an examination pursuant to General Municipal Law § 50-h, as well as any other evidence properly before the court" (Burgos v City of New York, 202 AD3d at 746; see General Municipal Law § 50-e[6]; D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893; Davis v City of New York, 153 AD3d 658, 660). "However, this evidence 'cannot be used to substantively change the nature of the claim or the theory of liability,' since 'causes of action or legal theories may not be raised in the complaint [or in a bill of particulars] that were not directly or indirectly mentioned in the notice of claim and that change the nature of the claim or assert a new one'" (Mosley v City of New York, 217 AD3d 857, 859, quoting Washington v City of New York, 190 AD3d at 1011; see Levy v Incorporated Vil. of E. Hampton, 193 AD3d 714, 714-715).
Here, the notices of claim failed to comply with the statutory specificity requirements of General Municipal Law § 50-e(2) because they did not sufficiently describe the location and cause of the subject accidents. The additional information offered by the plaintiffs in their General Municipal Law § 50-h hearing testimony failed to cure the deficiencies of the notices of claim regarding the location and cause of the accidents, and continued to hinder the Town's ability to conduct a prompt and meaningful investigation of the claims (see A.A. v City of New York, 219 AD3d at 1475; Burgos v City of New York, 202 AD3d at 746; cf. Delisser v New York City Tr. Auth., 211 AD3d 907).
Accordingly, the Supreme Court properly granted the Town's motion pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the notices of claim did not comply with General Municipal Law § 50-e(2).
Further, the Town established that it did not have prior written notice of any defect (see Code of Town of Huntington § 174-3[A]; Gorman v Town of Huntington, 12 NY3d 275; Smith v City of New York, 210 AD3d 53, 61).
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court