Generoso v MTA Bus Co. (2025 NY Slip Op 05793)

Generoso v MTA Bus Co.

2025 NY Slip Op 05793

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-10912
 (Index No. 152776/19)

[*1]Giuseppina Generoso, appellant, 
v
MTA Bus Company, et al., respondents, et al., defendant.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross Friscia], of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated November 8, 2023. The order, insofar as appealed from, granted that branch of the cross-motion of the defendants New York City Transit Authority, sued herein as New York Transit Authority, and MTA Bus Company which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2019, the plaintiff allegedly was injured when she tripped and fell on a sidewalk located in Staten Island. The plaintiff served a notice of claim upon the defendants New York City Transit Authority, sued herein as New York Transit Authority, and MTA Bus Company (hereinafter together the transit defendants), as well as the defendant City of New York, alleging that she tripped over broken concrete "on the sidewalk in the area immediately surrounding" a bus stop at the Eltingville Transit Center. Two photographs were attached to the notice of claim, which depicted a crack within a sidewalk flag extending to the curb. In December 2019, the plaintiff commenced this action, alleging, inter alia, that the transit defendants were negligent in, among other things, the maintenance and repair of the sidewalk. On September 30, 2020, the plaintiff was examined under oath pursuant to General Municipal Law § 50-h. The plaintiff testified at the hearing that she fell on broken concrete in the center of the sidewalk and, when shown the photographs annexed to the notice of claim, acknowledged that she did not remember what caused her to fall. At her subsequent deposition in August 2021, the plaintiff testified, inter alia, that she did not recall what caused her to fall and that she did not look to see what caused her to fall.
In March 2023, the transit defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the notice of claim did not comply with General Municipal Law § 50-e. The plaintiff opposed the motion and contended, for the first time, that she tripped and fell as a result of a height differential between two sidewalk flags. In an order dated November 8, 2023, the Supreme Court, inter alia, granted that branch of the transit defendants' cross-motion. The plaintiff appeals.
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see Burgos v City of [*2]New York, 202 AD3d 744, 745). General Municipal Law § 50-e(2) requires that the notice of claim set forth, among other things, "the nature of the claim" and "the time when, the place where and the manner in which the claim arose" (id.; see Washington v City of New York, 190 AD3d 1009, 1011). "The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the public entity to 'locate the place, fix the time, and understand the nature of the accident'" (Puello v New York City Hous. Auth., 150 AD3d 1164, 1164, quoting Canelos v City of New York, 37 AD3d 637, 638). "Claims of roadway or sidewalk defects must be set forth with great specificity because of their transitory nature" (Burgos v City of New York, 202 AD3d at 745-746; see A. A. v City of New York, 219 AD3d 1473, 1474).
Here, the transit defendants demonstrated, prima facie, that the notice of claim failed to describe the location of the subject accident with sufficient specificity (see Bourque v County of Dutchess, 218 AD3d 430, 431; Burgos v City of New York, 202 AD3d at 746; Ames v City of New York, 280 AD2d 625, 626) and that the photographs accompanying the notice of claim did not provide them with adequate information to investigate the claim (see Bourque v County of Dutchess, 218 AD3d at 431). Further, the transit defendants demonstrated that the conflicting and confusing information subsequently offered by the plaintiff regarding the location and cause of the accident hindered their ability to conduct a prompt and meaningful investigation of the claim (see A. A. v City of New York, 219 AD3d at 1474; Burgos v City of New York, 202 AD3d at 746). In opposition to the transit defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the transit defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them.
The transit defendants' remaining contention is not properly before this Court.
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court